R E C E I V E D
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUN 0 6 2012

FILED _____
DOCKETED _____
DATE          INITIAL

## No. 11-57172

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

B. Benedict Waters,

       Plaintiff-Appellant,

    vs.

Hollywood Tow Service, Inc., a
California corporation;
Rafael; Raphael; Rafael Montoya;
Raphael Montoya; Robert Andalon;
Gloria Jeff; Donetta Beckum;
Antonio Mendieta; Shontay Jackson;
John Doe 1; John Doe 2; John Doe 3;
Kenneth Heinsius; City of Los Angeles;
Office of the City Attorney;
Rickenbacker Group, Inc., a California
Corporation; Experian Information
Solutions, Inc., an Ohio corporation;
John Doe 4; Beverly Samuel;
Jane Doe 1;   Juan Carlos Casas; and,
Rita L. Robinson, in their individual,
capacities,

       Defendants - Appellees.

Appeal from the United States
District Court for the Central District
of California, Western Division

No. 02:07 - CV - 07568 CAS (AJWx)

DUPLICATE

B. Benedict Waters

**Opening Brief:  Plaintiff - Appellant**, *pro se*

6230 Wilshire Blvd., #182 ● Los Angeles, California 90048-5104

No. 11-57172

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| B. Benedict Waters, | Appeal from the United States District Court for the Central District of California, Western Division |
| Plaintiff-Appellant, | |
| vs. | No. 02:07 - CV - 07568 CAS (AJWx) |
| Hollywood Tow Service, Inc., a California corporation; Rafael; Raphael; Rafael Montoya; Raphael Montoya; Robert Andalon; Gloria Jeff; Donetta Beckum; Antonio Mendieta; Shontay Jackson; John Doe 1; John Doe 2; John Doe 3; Kenneth Heinsius; City of Los Angeles; Office of the City Attorney; Rickenbacker Group, Inc., a California Corporation; Experian Information Solutions, Inc., an Ohio corporation; John Doe 4; Beverly Samuel; Jane Doe 1;  Juan Carlos Casas; and, Rita L. Robinson, in their individual, capacities, | |
| Defendants - Appellees. | |

B. Benedict Waters

**Opening Brief:  Plaintiff - Appellant**, *pro se*

6230 Wilshire Blvd., #182 ● Los Angeles, California 90048-5104

# Table of Contents

Jurisdictional Statement . . . . . . . . . . . . . . . . . . . . . . 1 - 3

    District Court Jurisdiction . . . . . . . . . . . . . . . . . 1

    Ninth Circuit Jurisdiction . . . . . . . . . . . . . . . . . 1

    Relevant Chronology . . . . . . . . . . . . . . . . . . . 1

    Factual Basis for Aopellate Jurisdiction . . . . . . . . . . . 2

    Applicable Standards of Review . . . . . . . . . . . 2 - 3

Claims Waived . . . . . . . . . . . . . . . . . . . . . . . . . 4

State Claims for Relief . . . . . . . . . . . . . . . . . . . . . 5 - 6

    Concluding Summary . . . . . . . . . . . . . . . . . 6

**3rd Claim for Relief** . . . . . . . . . . . . . . . . . . . 7- 13

Opening Summary . . . . . . . . . . . . . . . . . . . . . . . 7

    Issues Presented . . . . . . . . . . . . . . . . . . . . . 8

    Statement of Law . . . . . . . . . . . . . . . . . . . . 8

    Statement of Facts . . . . . . . . . . . . . . . . . . . 8 - 9

Discussion . . . . . . . . . . . . . . . . . . . . . . . . . 9 - 13

    1.    **The Third Claim States A Fourth Amendment Seizure Violation** . . . . . . . . . . . . . 10 - 11

    2.    **Third Claim States A Substantive Due Process Violation** . . . . . . . . . . . . . . 11 - 12

    3.    **Third Claim States A Procedural Due Process Violation** . . . . . . . . . . . . . . . 12

4. **Snyder's Assertion Of De Novo Review Impressively Misleading** . . . . . . . . . . . . . . . . . . 13

Concluding Summary . . . . . . . . . . . . . . . . . . . . . . . . . 13

**4th Claim for Relief** . . . . . . . . . . . . . . . . . . . 14 - 29

Opening Summary . . . . . . . . . . . . . . . . . . . . . 14 - 17

    Issues Presented . . . . . . . . . . . . . . . . . . 17

    Statement of Law . . . . . . . . . . . . . . . . . . 18

    Statement of Facts . . . . . . . . . . . . . . . . . 18 - 23

Discussion        23 - 28

    1. **Section 1983 Liability Clearly And Competently Alleged** . . . . . . . . . . . . . . . . . . . . . . . . 23 - 25

        a. *Non-Municipal Corporation And Individual Defendants Are State Actors. Jury Finding Of Municipal Policy Binds Defendant City*   23 - 25

        b. *State Actors Deprived Plaintiff Of Constitutional Rights* . . . . . . . . . . . . . . . . 25

    2. **Ninth Circuit District Judge Without Power To Ignore Circuit Law Snyder's Per Se Rule Rejected by Ninth Circuit 6 Years Earlier** . . . . . . . . . . . . . . 25 - 28

Concluding Summary . . . . . . . . . . . . . . . . . . . . . . 29

**9th Claim for Relief** . . . . . . . . . . . . . . . . . . 30 - 37

Opening Summary . . . . . . . . . . . . . . . . . . . . . 30 - 31

    Issues Presented . . . . . . . . . . . . . . . . . . 31 - 32

    Statement of Law . . . . . . . . . . . . . . . . . . 32

    Statement of Facts . . . . . . . . . . . . . . . . . 32 - 33

1.    **The Actual Allegations Of Ninth Claim for Relief** . . . . 33

Discussion . . . . . . . . . . . . . . . . . . . . . 34 - 37

1.    **Judge May Not Fabricate Allegations For Use In Dismissal** . . . . . . . . . . . . . . . . . . 34

2.    **Judge May Not Ignore Wholesale Actual Allegations To Fit Dismissal** . . . . . . . . . . . . 34 - 36

3.    **Fourth Amendment Unreasonable Seizure Of Property Is Stated** . . . . . . . . . . . . . . . . . 34 - 36

    a.    **Fourth Amendment Protects Personal Effects Such As Plaintiff's Keys From Unreasonable Seizure** . . . . . . . . . . . . . . . . 34 - 35

    b.    **Plaintiff's Personal Effects (Keys) Were Seized At The Moment They Were Deliberately Taken By Defendants** . . . . . . . . . . . . . . 35

    c.    **Plaintiff's Personal Effects (Keys) Were Seized By Defendants Under Color Of State Authority** 35

    d.    **Plaintiff's Personal Effects (Keys) Were Seized Without Warrant Or Reasonable Cause** . . . **35 - 36**

4.    **Fourth Amendment Unreasonable Seizure Of Person Is Stated** . . . . . . . . . . . . . . . . . **36 - 37**

Concluding Summary . . . . . . . . . . . . . . . . . 37

**12th Claim for Relief** . . . . . . . . . . . . 38 - 42

Opening Summary . . . . . . . . . . . . . . . . . . 38

    Issue Presented . . . . . . . . . . . . . . . . . 39

    Statement of Law . . . . . . . . . . . . . . . . . 39

    Statement of Facts . . . . . . . . . . . . . . . 39 - 40

Discussion . . . . . . . . . . . . . . . . . . . . . 40 - 42

Concluding Summary . . . . . . . . . . . . . . . . . . 42

**14ᵗʰ Claim for Relief and 15ᵗʰ Claim for Relief** . . . . . . . . . 43 - 48

Opening Summary . . . . . . . . . . . . . . . . . . . 43

    Issues Presented . . . . . . . . . . . . . . . . . 44

    Statement of Law . . . . . . . . . . . . . . . . . 44

    Statement of Facts . . . . . . . . . . . . . . . . 45 - 46

Discussion . . . . . . . . . . . . . . . . . . 47 - 48

    1.   **Snyder's Sparse Comment That Brady Has Never Been Used In The Civil Arena Is Insufficient Makeweight And Inadequate Analysis** . . . . . . . . . 47

    2.   **Where Due Process Requires A Hearing The Hearing Must Be Meaningful To Meet That Requirement** . . . . 48

Concluding Summary . . . . . . . . . . . . . . . . 48 - 49

**1ˢᵗ Claim for Relief** . . . . . . . . . . . . . . . . 50 - 58

Opening Summary . . . . . . . . . . . . . . . . . 50 - 51

    Issues Presented . . . . . . . . . . . . . . . . . 51

    Statement of Law . . . . . . . . . . . . . . . . . 52

    Statement of Facts . . . . . . . . . . . . . . . . 53 - 55

Discussion . . . . . . . . . . . . . . . . . . 55 - 58

    1.   **A First Amendment Retaliation Claim Is Adequately Alleged** . . . . . . . . . . . . . . . . . 55 - 56

    2.   **Under Circuit Law, Not Necessary To Allege A Chilling Effect** . . . . . . . . . . . . . . . 57

    3.   **Under The Heck Doctrine Superior Court Reversal May Not Be Called Into Question** . . . . . . . . . 57 - 58

Concluding Summary . . . . . . . . . . . . . . . . 58

**026 Claim for Relief** . . . . . . . . . . . . . . . . . . . . 59

    Issues Presented . . . . . . . . . . . . . . . . . . . 60

    Statement of the Law . . . . . . . . . . . . . . . 60 - 61

    Statement of Facts . . . . . . . . . . . . . . . . 61 - 62

Discussion . . . . . . . . . . . . . . . . . . . . . 62 - 69

    1.   **First Basis For Summary Judgment That "No EvidenceThe Information Was Factually Inaccurate" Fails As A Matter Of Law** . . . . . . . . . 63

    2.   **Last Basis For Summary Judgment That Plaintiff Was Attacking The Validity Of A Debt Fails As A Matter Of Fact And Law** . . . . . . . . . . 63 - 64

    *3.*   **Material Factual Issues Remained For The Jury** . 64 - 66

        a.   *There is a triable jury question as to whether Rickenbacker conducted a reasonable investigation, or any, upon receipt of the dispute notice from Experian* . . . . . . . . . . . . . . . . . . . 64 - 65

        b.   *There is a triable jury question as to whether Rickenbacker reported the results of its investigation, if any, to Experian* . . . . . . . . . . . . . . . . 65 - 66

        c.   *There is a triable jury question as to Rickenbacker's failure to permanently remove or block the inaccurate information* . . . . . . . . . . . . . . . . . . 66

    4.   **Snyder's Conduct Evidences Partiality And Corruption** . . . . . . . . . . . . . . . . . 66 - 67

    5.   **There Is Absolutely Nothing Supporting Claim Preclusion. There Are Statements Barring**

**Claim Preclusion** . . . . . . . . . . . . . . . 67 - 68

6.  **No Basis For Appellate Review On This Record.**
    **Nothing To Review Regarding The Summary**
    **Judgment Ruling** . . . . . . . . . . . . . . . 68

Concluding Summary . . . . . . . . . . . . . . . 69

*029 - 031 Claims* . . . . . . . . . . . . . . . 70 - 79

Opening Summary . . . . . . . . . . . . . . . 70 - 72

Issues Presented . . . . . . . . . . . . . . . 72

Discussion . . . . . . . . . . . . . . . 73 - 79

1.  **Plaintiff Could Not Have Brought The Claims In This**
    **Case In The 2009 Case Because The Statute Of**
    **Limitations Had Expired** . . . . . . . . . . . . . . . 73 - 75

2.  **Significant Factual Differences Negate Claim**
    **Preclusion** . . . . . . . . . . . . . . . 75

3.  **In The Ninth Circuit, An Order Denying A Motion To**
    **Consolidate Two Cases Into One Effectively Bars**
    **Application Of Claim Preclusion** . . . . . . . . . . 75 - 76

4.  **No Supporting Evidence Admitted. Evidence Offered**
    **To District Court By Way Of Request For Judicial Notice.**
    **The Request Was Not Granted.**
    **Ergo, No Evidence Admitted** . . . . . . . . . . . . 76 - 77

5.  **Disregarding The Absence Of Supporting Evidence,**
    **There Was No Identity Of Claims As The Claims In**
    **The Instant 2007 Case Were Not Identical To The**
    **Claims In The 2009 Case** . . . . . . . . . . . . . . . 77 - 79

Concluding Summary . . . . . . . . . . . . . . . 79

# Table of Authorities

## Cases

**ABF Capital Corp. v. Osley** (9th Cir. 2005)

    414 F.3d 1061, 1064  . . . . . . . . . . . . . . . . . . . 1

**Adams v. Johnson** (9th Cir. 2004)

    355 F.3d 1179, 1183  . . . . . . . . . . . . . . . . . . . 3

**Alvarado v. Table Mountain Rancheria** (9th Cir. 2007)

    509 F.3d 1008, 1017  . . . . . . . . . . . . . . . . . . 12

**Anderson v. Liberty Lobby, Inc.** (1986)

    477 U.S. 242, 256  . . . . . . . . . . . . . . . . 62, 67

**Anderson v. Warner** (9th Cir. 2006)

    451 F.3d 1063, 1068  . . . . . . . . . . . . . . . . . . 41

**A.V. Constantini v. Trans World Airlines** (9th Cir.1982)

    681 F.2d 1199, 1201-02  . . . . . . . . . . . . . . . . 68

**Benay v. Warner Bros. Entertainment, Inc.** (9th Cir. 2010)

    607 F:3d 620, 624  . . . . . . . . . . . . . . . . . . . 2

**Brady v. Maryland** (1963)

    373 U.S. 83, 86  . . . . . . . . . . . . . . . . . . . 48

**Brown v. Legal Foundation of Wash.** (2003)

    538 U.S. 216, 231-34 . . . . . . . . . . . . . . . . . 10

**Cabrera v. City of Huntington** (9th Cir. 1998)

    159 F.3d 374, 381  . . . . . . . . . . . . . . . . . . . 2

**Cady v. Dombroski** (1973)

    413 U.S. 433, 441  . . . . . . . . . . . . . . . . . . 28

*California ex rel. Lockyer v. F.E.R.C.* (9th Cir.2003)

    329 F.3d 700, 708, n. 6 . . . . . . . . . . . . . . . . . . . 48

*Castillo-Villagra v. I.N.S.* (9th Cir. 1992)

    972 F.2d 1017, 1026 . . . . . . . . . . . . . . . . . . . 76

*City of Ontario v. Quon* (2010)

    130 S.Ct. 2619, 2630 . . . . . . . . . . . . . . . . . . . 11

*Clay v. Fairfax, Inc.* (11th Cir. 1985)

    762 F.2d 952, 957 . . . . . . . . . . . . . . . . . . . 32, 68

*Cleveland Board of Education v. Loudermill* (1985)

    470 U.S. 532, 541 . . . . . . . . . . . . . . . . . . . 44

*Cole v. Sunnyvale*, No. C-08-05017, 2010 U.S. Dist. LEXIS 11105,

    2010 WL 532428, at *4 (N.D. Cal. Feb. 9, 2010) . . . . . . . . 56

*Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.* (4th Cir. 1995)

    56 F.3d 556, 575-76 . . . . . . . . . . . . . . . . . . . 32

*Constantini v. Trans World Airlines* (9th Cir. 1982)

    681 F.2d 1199, 1201-02 . . . . . . . . . . . . . . . . . . . 77

*Craig v. County of Los Angeles* (1990)

    221 Cal.App.3d 1294, 1301 . . . . . . . . . . . . . . . . . . 76

*Curtis v. Citibank, N.A.* (2d Cir. 2000)

    226 F.3d 133, 139 . . . . . . . . . . . . . . . . . . . 75

*De Blaure* (Fed. Cir. 1984)

    786 F.2d 699, 705 . . . . . . . . . . . . . . . . . . . 67

*DeGrassi v. City of Glendora* (9th Cir. 2000)

    207 F.3d 636, 647 . . . . . . . . . . . . . . . . . . . 35

*Delew v. Wagner* (9th Cir. 1998)

    143 F.3d 1219, 1223 . . . . . . . . . . . . . . . . . . . 76

**Dennis v. BEH-1, LLC** (9th Cir. 2006)

    520 F.3d 1066, 1070 . . . . . . . . . . . . . . . . . . . . 65

**Dornhecker v. Ameritech Corp.** (N.D. Ill. 2000)

    99 F.Supp.2d 918, 928-929 . . . . . . . . . . . . . . . . . . 64

**Garcia v. City of Trenton** (8th Cir.2003)

    348 F.3d 726, 729 . . . . . . . . . . . . . . . . . . . . . 56

**Gibson v. Berryhill** (1973)

    411 U.S. 564, 579 . . . . . . . . . . . . . . . . . . . . . 44

**Gilbert v. Homar** (1997)

    520 U.S. 924, 930 . . . . . . . . . . . . . . . . . . . . . 48

**Goichman v. Rheuban Motors, Inc.** (9th Cir.1982)

    682 F.2d 1320, 1325 . . . . . . . . . . . . . . . . . . 39, 48

**Gorman v. Wolpoff & Abramson** (9th Cir. 2009)

    584 F.3d 1147, 1156 . . . . . . . . . . . . . . . . . . . . 64

**Government Employees Ins. Co. v. Dizo** (9th Cir. 1998)

    133 F.3d 1220, 1225 . . . . . . . . . . . . . . . . . . . . . 5

**Gray v. Horne** (1941)

    48 Cal.App.2d 372, 375 . . . . . . . . . . . . . . . . . . 40

**Green v. Ancora-Citronelle Corp.** (9th Cir.1978)

    577 F.2d 1380, 1383-84 & n. 2 . . . . . . . . . . . . . 25, 72

**Greenwood v. FAA** (9th Cir. 1994)

    28 F.3d 971, 977 . . . . . . . . . . . . . . . . . . . . . . 3

**Hagans v. Lavine** (1974)

    415 U.S. 528 . . . . . . . . . . . . . . . . . . . . . . 5, 6

**Hagberg v. California Federal Bank** (2004)

    32 Cal.4th 350, 373 n.7 . . . . . . . . . . . . . . . . . . 36

*Hagestad v Tragesser* (9th Cir. 1995)

      49 F.3d 1430, 1434-35 . . . . . . . . . . . . . . . . . 47

*Hal Roach Studios, Inc. v. Richard Feiner and Co.* (9th Cir. 1990)

      896 F.2d 1542, 1550 n. 19 . . . . . . . . . . . . . . 34, 77

*Harris v. Jacobs* (9th Cir. 1980)

      621 F.2d 341, 343 . . . . . . . . . . . . . . . . . . 76

*Heck v. Humphrey* (1994)

      114 U.S. 129 . . . . . . . . . . . . . . . . . . . . 58

*Heliotrope Gen., Inc. v. Ford Motor Co.* (9th Cir.1999)

      189 F.3d 971, 978 . . . . . . . . . . . . . . . . . . 2

*Highsmith v. Chrysler Credit Corp.* (7th Cir. 1994)

      18 F.3d 434, 439-40 . . . . . . . . . . . . . . . . . 25

*Holman v. Experian Info. Solutions, Inc.*, 2012 U.S. Dist. LEXIS 59401

      (N.D. Cal. April 27, 2012) . . . . . . . . . . . . . . 70

*Huie v. Soo Hoo* (1933)

      132 Cal.App.Supp. 787 . . . . . . . . . . . . . . . . 40

*International Union v. Karr* (9th Cir.1993)

      994 F.2d 1426, 1430 . . . . . . . . . . . . . . . . . 68

*In re Ford* (1926)

      14 F. 2d 848, 849 . . . . . . . . . . . . . . . . . . 63

*In re Latex Glove Prods. Liability Litig.* (WD Wash 2005)

      373 F.Supp.2d 1205, 1208 . . . . . . . . . . . . . . . 5

*In Re Imperial Corp. of America* (9th Cir.1996)

      92 F.3d 1503, 1506 . . . . . . . . . . . . . . . . . 67

*In re Nicholson* (9th Cir. 1985)

      779 F.2d 514, 515 . . . . . . . . . . . . . . . . . . 1

*Johnson v. Razey* (1919)

    181 Cal. 342, 344 . . . . . . . . . . . . . . . . . . . . . . . . . 40

*Knievel v. ESPN* (9th Cir. 2005)

    393 F.3d 1068, 1072 . . . . . . . . . . . . . . . . . . . . . . 2

*Lagos v. City of Oakland* (1995)

    41 Cal.App.4th Supp. 10 . . . . . . . . . . . . . . . . . . 13

*Liberal v. Estrada* (9th Cir. 2011)

    632 F.3d 1064, 1068 n.1 . . . . . . . . . . . . . . . . . . 2

*Logan v. Zimmerman Brush Co.* (1982)

    455 U. S. 422, 435-36 . . . . . . . . . . . . . . . . . . . . 12

*Los Angeles Branch NAACP v.*

      *Los Angeles Unified Sch. Dist.* (9th Cir. 1984)

    750 F.2d 731, 739 . . . . . . . . . . . . . . . . . . . . . . . 74

*Matthews v. Eldridge* (1976)

    424 U.S. 319, 333 . . . . . . . . . . . . . . . . . . . . . . . 44

*McDade v. West* (9th Cir. 2000)

    223 F.3d 1135 . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Menotti v. City of Seattle* (9th Cir. 2005)

    409 F.3d 1153, 1154 . . . . . . . . . . . . . . . . . . . . . 35

*Miranda v. City of Cornelius* (9th Cir. 2005)

    429 F.3d 858, 869 . . . . . . . . . . . . . . . . . 25, 26, 28, 58

*Monell v. Dep't of Soc. Servs. of City of N.Y.* (1978)

    436 U.S. 658, 690-91 . . . . . . . . . . . . . . . . . 24, 36, 48

*Mooney v. Holohan* (1935)

    294 U.S. 103, 112 . . . . . . . . . . . . . . . . . . . . . . . 44

-k-

*Morrissey v. Brewer* (1972)

    *408 U.S. 471* . . . . . . . . . . . . . . . . . . . . . 8

*Neilson v. Union Bank of Cal., N.A.* (CD CA 2003)

    *290 F.Supp.2d 1101, 1151* . . . . . . . . . . . . . . 57

*Neitzke v. Williams* (1989)

    *490 U.S. 319, 328-329* . . . . . . . . . . . . . . . 34

*Nelson v. Chasse Manhattan Mortgage Corp.* (9th Cir. 2002)

    *282 F.3d 1057, 1059-1060* . . . . . . . . . . . . . 59

*Newcal Indus-tries, Inc. v. Ikon Office Solution* (9th Cir.2008)

    *513 F.3d 1038, 1043 n.2* . . . . . . . . . . . . . . 3

*Parratt v. Taylor* (1981)

    *451 U.S. 527* . . . . . . . . . . . . . . . . . . . 35

*Pintos v. Pacific Creditors Ass'n*, (9th Cir. 2010)

    *605 F. 3d 665* . . . . . . . . . . . . . . . . . . . 70

*Proshipline Inc. v. Aspen Infrastructures Ltd.* (9th Cir. 2010)

    *609 F.3d 960, 968* . . . . . . . . . . . . . . . . . 78

*Ra Medical Systems v. PhotoMedex*, Inc. (2010)

    *373 Fe.d App. 784, 787* . . . . . . . . . . . . . . 76

*Rhodes v. Robinson* (9th Cir. 2004)

    *380 F.3d 1123, 1131* . . . . . . . . . . . . . . . . 57

*Robi v. Five Platters, Inc.* (9th Cir.1988)

    *838 F.2d 318, 322* . . . . . . . . . . . . . . . . . 25

*Roe v. Bridgestone Corp.* (S.D. Ind. 2007)

    *492 F. Supp. 2d 988, 1007* . . . . . . . . . . . . . 25

*Rural Fire Protection Co. v. Hepp* (9th Cir.1966)

    *366 F.2d 355, 362* . . . . . . . . . . . . . . . . . 74

***San Bernardino Physicians' Services Medical Group, Inc. v.***

    ***San Bernardino County*** *(9th Cir. 1987)*

      *825 F.2d 1404, 1410* . . . . . . . . . . . . . . . . . . 36

***Segura v. United States*** *(1984)*

      *468 U.S. 796, 812* . . . . . . . . . . . . . . . . . . . 42

***Serra v. Lappin*** *(9th Cir. Cal. 2010)*

      *600 F.3d 1191* . . . . . . . . . . . . . . . . . . . . . 37

***Sibron v. New York*** *(1968)*

      *392 U.S. 40, 61* . . . . . . . . . . . . . . . . . . . . 28

***Single Chip Systems Corp. v. Intermec IP Corp.*** *(S.D. Cal. 2007)*

      *495 F.Supp.2d 1052, 1062* . . . . . . . . . . . . . . 75

***Skoog v. County of Clackamas*** *(9th Cir. 2006)*

      *469 F.3d 1221, 1231* . . . . . . . . . . . . . . . . . 52

***Soldal v. Cook County*** *(1992)*

      *506 U.S. 56, 70* . . . . . . . . . . . . . . . . . . . . 39

***Spears v. Stewart*** *(9th Cir. 2002)*

      *283 F.3d 992, 1006* . . . . . . . . . . . . . . . . . 26

***Starr v. Baca*** *(9th Cir. 2011)*

      *652 F.3d 1202, 1216* . . . . . . . . . . . 17, 30, 37, 49, 51, 58

***Stypmann v.***

    ***City and County of San Francisco*** *(9th Cir. 1977)*

      *557 F.2d 1338, 1341* . . . . . . . . . . . . . . . 24, 35, 70

***Tahoe Sierra Pres. Council, Inc. v.***

    ***Tahoe Reg'l Planning Agency*** *(9th Cir. 2003)*

      *322 F.3d 1064, 1077* . . . . . . . . . . . . . . . . . 77

-m-

*Tellabs, Inc. V. Makor Issues & Rights, Ltd.* (2007)

  551 U.S. 308, 127 S.Ct.2499, 2509   . . . . . . . . . . . . 11

*Thomas v. Carpenter* (9th Cir. 1989)

  881 F.2d 828, 829   . . . . . . . . . . . . . . . . . . 52, 55

*United Mine Workers v. Gibbs* (1966)

  383 U.S. 715, 726   . . . . . . . . . . . . . . . . . . . . 5

*United States v. Chan-Jimenez* (9th Cir.1997)

  125 F.3d 1324, **1326**   . . . . . . . . . . . . . 10, 41

*United States v. City of Redwood City* (9th Cir. 1981)

  640 F.2d 963, 966   . . . . . . . . . . . . . . . . . . 34

*United States v. Harrison* (5th Cir. 1981)

  651 F.2d 353, 355   . . . . . . . . . . . . . . . . . . 76

*United States v. Hinkson* (9th Cir. 2009)

  585 F.3d 1247, 1261-62   . . . . . . . . . . . . . . 69

*United States v. Jacobsen* (1984)

  466 U.S. 109, 113   . . . . . . . . . . . . . . . . . . 35

*United States v. Johnson* (9th Cir. 2001)

  256 F.3d 895, 915-916   . . . . . . . . . . . . . . . 26

*United States v. Jones* - slip op., 10-1259 _____ S.CT. _____

  (2012 January 23)   . . . . . . . . . . . . . . . 14, 18

*United States v. Karo* (1984)

  468 U.S. 705   . . . . . . . . . . . . . . . . . . . . 35

*United States v. One Heckler-Koch Rifle* (7th Cir. 1980)

  629 F.2d 1250, 1253   . . . . . . . . . . . . . . . . 65

*United States v. Verdugo-Urquidez* (1990)

  494 U.S. 259, 264   . . . . . . . . . . . . . . . 8, 39

***Wagner v. Higgins*** *(6th Cir.1985)*

    *754 F.2d 186, 193* . . . . . . . . . . . . . . . . . . . . 36

***Walters v. Wolf*** *(8th Cir. 2011)*

    *660 F.3d 307* . . . . . . . . . . . . . . . . . 10, 41, 42

***West v. Atkins*** *(1988)*

    *487 U.S. 42, 49-50* . . . . . . . . . . . . . . . . **23, 24, 41**

***Wolff v. McDonnell*** *(1974)*

    *418 U.S. 539* . . . . . . . . . . . . . . . . . . . 8

***York v. American Tel. & Tel. Co.*** *(9th Cir. 1996)*

    *95 F.3d 946, 958* . . . . . . . . . . . . . . . . . 76


**<u>Federal Statutes</u>**

15 U.S.C. § 1681i . . . . . . . . . . . . . . . . . . 64

15 U.S.C. § 1681s-2(b) . . . . . . . . . . . . . . . 60

15 U.S.C. § 1681s-2(b)(E)(1) . . . . . . . . . . . . 66

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . 1

28 USC § 1367(a) . . . . . . . . . . . . . . . . . 1


**<u>Federal Rules</u>**

Federal Rule of Appellate Procedure 4(a)(4)(A) . . . . . . . . . . . 1

Federal Rule of Civil Procedure 18(a) . . . . . . . . . . . . . 1

Federal Rule of Civil Procedure Rule 59(e) . . . . . . . . . . . 1

-o-

**State Statutes**

California Government Code, § 6250 . . . . . . . . . . . . . . . . 22

California Vehicle Code, § 22650(a) . . . . . . . . . . . . . . . . 22

California Vehicle Code, § 40202(a) . . . . . . . . . . . . . . . . 22

California Vehicle Code, § 40230 . . . . . . . . . . . . . . . . 22


**Other Authority**

13 Witkin, *Summary of California Law* (10 ed. 2005)
        Towing and Storage Lien, § 242, p. 265 . . . . . . . . . . . . . 40


42A California Jurisprudence (3d 2008), *Manner of Redemption;*
        *Tender requirement*, § 53, p. 810 . . . . . . . . . . . . . 40


Andrew Blankstein and Joel Rubin,
        LAPD Officers Who Complained About Ticket Quotas
        Are Awarded $2 Million, Los Angeles Times, 2011 April 12 . . . 15


Impounded Cars Boost Bell's Coffers, *latimes.com, Paloma Exquivel, 2010
September 05, latimes.com/news/local/la-me-bell-impounds-
20100906,0,2022422.story* . . . . . . . . . . . . . . . . 14


State of California Department of Justice Office of the Attorney General, IN THE
        MATTER OF THE INVESTIGATION OF THE CITY OF MAYWOOD
        POLICE DEPARTMENT, Attorney General's Final Report, March 2009,
        *http://ag.ca.gov/cms_attachments/press/pdfs/n1722_maywoodreport.p
        df* . . . . . . . . . . . . . . . . 15

# Jurisdictional Statement

## District Court Jurisdiction

The district court had original jurisdiction of the federal claims under 28 U.S.C. § 1331. Supplemental jurisdiction of the pendent state law claims per Federal Rule of Civil Procedure 18(a) and 28 USC § 1367(a) under the doctrine of pendent jurisdiction.

## Ninth Circuit Jurisdiction

This court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

## Relevant Chronology

Judgment (Doc 422) was entered 2011 February 22. A Rule 59(e) motion (Doc 438) was filed 2011 March 22 - **28 days** later.

A Rule 59(e) motion tolls the time to appeal. *In re Nicholson (9th Cir. 1985) 779 F.2d 514, 515.* The order (Doc 451) disposing of Plaintiff's Rule 59(e) motion was entered 2011 **November 15**. Time to appeal runs *anew* from entry of the order disposing of a Rule 59(e) motion. FRAP 4(a)(4)(A); *ABF Capital Corp. v. Osley (9th Cir. 2005) 414 F.3d 1061, 1064.*

The instant appeal (Doc 453) was filed on 2011 **December 13**. In civil cases the appeal deadline is 30 days. This appeal is timely.

**Page 1 of 81**

## Factual Basis for Aopellate Jurisdiction

This appeal is from a final order that disposed of all parties' claims.

## Applicable Standards of Review

Order granting summary judgment motion as to **Claim 26** is reviewed <u>de novo</u>, *"viewing the evidence in the light most favorable to the non-moving party to determine the presence of any issues of material fact."* **Benay v. Warner Bros. Entertainment, Inc.** *(9th Cir. 2010) 607 F.3d 620, 624.* The court accepts plaintiff's version of facts as true. See **Liberal v. Estrada** *(9th Cir. 2011) 632 F.3d 1064, 1068 n.1.*

Order granting judgment on the pleadings as to **Claims 29, 30 & 31** is reviewed <u>de novo</u>. **Heliotrope Gen., Inc. v. Ford Motor Co.** *(9th Cir.1999) 189 F.3d 971, 978.* The Ninth Circuit reviews de novo a district court's dismissal based on *res judicata*. **Cabrera v. City of Huntington** *(9th Cir. 1998) 159 F.3d 374, 381.*

Order of dismissal as to **Claims 1, 3, 4, 9, 12, 14 & 15** for failure to state a claim is reviewed de novo. All factual allegations are accepted as true in the light most favorable to Plaintiff. **Knievel v. ESPN** *(9th Cir. 2005) 393 F.3d 1068, 1072.* The court draws all reasonable inferences in favor of the plaintiff. **Newcal Indus-**

*tries, Inc. v. Ikon Office Solution* (9th Cir.2008) 513 F.3d 1038, 1043 n.2.

Dismissal is proper only if it appears beyond doubt that Plaintiff could prove no

set of facts to support his claims  *Adams v. Johnson* (9th Cir. 2004) 355 F.3d

1179, 1183.

**Page 3 of  81**

# Claims Waived

Plaintiff does not address thus waives the propriety of dismissal of these eleven (11) claims:  2, 5, 6, 7, 8, 16, 17, 23, 24, 25, and 28.  *Greenwood v. FAA (9th Cir. 1994) 28 F.3d 971, 977.*

## State Claims for Relief

The pendent – 10th, 11th, 18th, 19, 20th, 21st, 22nd, 27th, 32nd and 33rd Claims

for Relief – claims *"share a common nucleus of operative facts with those of*

*the federal question claims and* **supplemental jurisdiction exists** *to hea*r" these

claims.  Rpt &Recomm. (Doc 355) **45:6 - 8**.

    **Snyder**, J., following dismissal of the federal claims, refused to exercise

supplemental jurisdiction dismissing the above state claims without prejudice. ***In***

***re Latex Glove Prods. Liability Litig.*** *(WD Wash 2005) 373 F.Supp.2d 1205,*

*1208.*  There was discretion to do so.  *Id.*

    Remand of federal question claims removes that discretion.  The operative

facts of the  pendent claims should be decided  together with their federal cousins.

***Government Employees Ins. Co. v. Dizo*** *(9th Cir. 1998) 133 F.3d 1220, 1225.*

    The Supreme Court instructs that in deciding to exercise supplemental

jurisdiction courts should bear in mind *"considerations of judicial economy,*

*convenience and fairness to litigants."*  ***United Mine Workers v. Gibbs*** *(1966)*

*383 U.S. 715, 726.*

    Indeed, in ***Hagans v. Lavine*** *(1974) 415 U.S. 528,* the Supreme Court

encouraged the exercise of supplemental jurisdiction on the above considerations.

The Court stated that "*it is evident from Gibbs that pendent state law claims are not always, or even almost always, to be dismissed and not adjudicated. On the contrary, given advantages of economy and convenience and no unfairness to litigants, Gibbs contemplates adjudication of these claims.*" **Hagans**, *supra*, at 545-546.

## Concluding Summary

Upon remand of the federal claims, dismissal of the state claims should be reversed - all remanded for concomitant adjudication. **Hagans**, *supra*.

### 3rd Claim for Relief

## Opening Summary

Defendant City, as a means to increase municipal coffers in a politically risk-free manner, as opposed to tax increases or boosting municipal fees, established a policy that included the imposition of quotas on parking tickets and vehicular seizures.  <u>This policy's existence was recently affirmed by jury trial</u>.  As part of its Policy, TAC ¶¶ 190 - 195,  City makes it extremely difficult and time-consuming to contest bogus tickets and sham impounds and sometimes as here - just ***brazenly keeps the prepaid fine*** without allowing *any* type of hearing.

This claim addresses such an instance.  Plaintiff was ticketed, prepaid the fine, **timely** requested a hearing, City pocketed the money refusing to hold *any* hearing.  <u>The money has never been returned</u>.

Plaintiff sued,  Third Claim, TAC pp. 47 - 51, for unreasonable seizure (money) and due process violation (deprivation of money sans hearing).  Dismissed.  Rule 12(b)(6).

**Issues Presented**

- *First*, did permanent governmental deprivation of the money

constitute a seizure?

- *Second*, did governmental refusal to hold a hearing constitute a due

process violation?

## Statement of Law

The Fourth Amendment applies to a seizure.  A '*seizure*' occurs **whenever** there is some meaningful interference with an individual's private interests in property.  **United States v. Verdugo-Urquidez** *(1990) 494 U.S. 259, 264.*

The Fourteenth Amendment requires due process.  The Supreme Court has emphasized the *flexibility* of the approach to due process and the necessity of evaluating each claim virtually on its own facts.  E.g., **Wolff v. McDonnell** *(1974) 418 U.S. 539;* **Morrissey v. Brewer** *(1972) 408 U.S. 471.*  The claim here, albeit barefaced thievery, by any flexible approach, is a denial of due process.

## Statement of Facts

On 2006 May 14, Plaintiff was ticketed.  TAC, ¶ 239.

On 2006 July 12, Plaintiff disputed the ticket.  TAC, ¶ 240.

On 2006 July 13, in the same writing informing the ticket was "*valid,*" City

represented that an administrative hearing to contest the ticket would be set if

Plaintiff *prepaid* the penalty **by** 2006 August 03. TAC, ¶¶ 61 and 62.

On 2006 August 03, Plaintiff prepaid the penalty. TAC, ¶ 63. In **cash**. *Id*.

City, pursuant to its **established** policy, TAC, ¶¶ 65, 151-177, just kept the

money; both disallowing any hearing to contest the ticket and refusing to return the

money. TAC, ¶ 64.

## Discussion

The refusal to return the money constituted a seizure. City's **established**

policy violated *substantive* due process. The authorized action pursuant to that

policy violated *procedural* due process.

Preliminarily we note that Christina **Snyder** makes the following statements:

"*Instead, the City responded in writing that an 'administrative investigation'*

*had been conducted and that the '490 citation was valid. [TAC 47].*" Rpt. &

Recomm. (Doc 255) **18:3-4**. "*Plaintiff alleges that this conduct constituted an*

*unlawful seizure of the $45 parking fine paid by plaintiff and deprived*

*plaintiff of his procedural due process rights. [TAC 49-51].*" Rpt. & Recomm.

(Doc 255) **18:3-4**.

TAC, ¶ 47 does **not** contain the allegation Snyder says it does.  Not at all.[1]

TAC, ¶¶ 49-51 do **not** contain the allegations Snyder claims.   Not at all.[2]

1.   **The Third Claim States A Fourth Amendment Seizure Violation**

Money is property.  **Brown v. Legal Foundation of Wash.** *(2003) 538 U.S.*

*216, 231-34.*

A warrantless seizure of that property occurred at the moment City refused to

conduct a hearing or return Plaintiff's money.  **United States v. Chan-Jimenez**

*(9th Cir.1997) 125 F.3d 1324*; **Walters v. Wolf** *(8th Cir. 2011) 660 F.3d 307.*

---

[1] TAC, ¶ 47 actually alleges:  *"Plaintiff is informed and believes, and on that basis alleges, that no other person or vehicle was issued a parking ticket on 2005 November 19 for being parked in a bus zone or bus loading zone at 350 N. Figueroa Street, Los Angeles, California."*

[2] TAC, ¶ 49 actually alleges:  "At all times herein relevant, Plaintiff's vehicle was **not** parked in *"curb space authorized for the loading and unloading of passengers of a bus."*

TAC, ¶ 50 actually alleges:  "At all times herein relevant, there was **no** *"curb space authorized for the loading and unloading of passengers of a bus"* at 350 N. Figueroa Street, Los Angeles, California.

TAC, ¶ 51 actually alleges:  "At all times herein relevant, Defendant Shontay Jackson, Defendant Beverly Samuel, and Defendant Jane Doe 1 knew, were fully aware and fully knowledgeable that there was **no** *"curb space authorized for the loading and unloading of passengers of a bus"* at 350 N. Figueroa Street, Los Angeles, California.

Indeed, as **Snyder** correctly found, Defendants' conduct constituted a

"*permanent deprivation of the parking fine.*" Rpt. & Recomm.(Doc 255) **18:20**.

The unwarranted seizure is alleged to have had no basis in fact or law and was thus *presumptively* if not *per se* unreasonable.  See, *e.g.*, **City of Ontario v. Quon** *(2010) 130 S.Ct. 2619, 2630.*

2.     **Third Claim States A Substantive Due Process Violation**

City established a broad policy of scamming motorists utilizing parking ticket quotas, impound quotas, burdensome procedures and outright seizures of *prepaid* penalties.

**Snyder**, J., says:  "*A plaintiff cannot demonstrate the existence of a municipal policy [ ] based solely on a* **single** *occurrence.*" Rpt. & Recomm. 20:8-12.

The TAC does **not** allege a **single** occurrence.  It alleges several.  The TAC must be read as a whole.  **Tellabs, Inc. V. Makor Issues & Rights, Ltd.** *(2007) 551 U.S. 308, 127 S.Ct.2499, 2509.*

The TAC alleges that pursuant to City's established policy: (**1**) Plaintiff was retaliated against for criticizing City's policy of unlawful ticket and impound quotas; (**2**) that a prepaid penalty was made by Plaintiff who was then denied any sort of chance to contest the matter or get his money back; (**3**) that Plaintiff's

vehicle was unlawfully seized; (**4**) that Plaintiff himself was unconstitutionally seized along with his personal property; and (**5**) that exculpatory evidence was **repeatedly** suppressed.  A substantive due process claim is stated.  ***Alvarado v. Table Mountain Rancheria** (9th Cir. 2007) 509 F.3d 1008, 1017.*

3.     **Third Claim States A Procedural Due Process Violation**

Money is property.  ***Brown**, supra.*  The requirements of procedural due process apply to deprivation of even **small** amounts of property.  ***Goss v. Lopez** (1975) 439 U.S. 565, 576.*

**Snyder**, J., says that "*Plaintiff also could have sought relief . . . under the California Tort Claims Act ('CTCA'),*" <u>Rpt. & Recomm</u>. **19:4-5**, because for "[a] ***<u>random</u>**, **<u>unauthorized</u>**, deprivation of property . . . .*" <u>Rpt. & Recomm</u>. (Doc 355) **19:6-10** "[t]*he CTCA constitutes an adequate state postdeprivation remedy for **<u>random</u>**, **<u>unauthorized</u>** deprivations of property by state officials.*" <u>Rpt. & Recomm.</u> (Doc 255) **<u>19:10-12</u>**.

The TAC does **not** plead random or unauthorized acts but acts pursuant to an established policy, hence the acts were **neither** **random** or **unauthorized**.  The availability of a postdeprivation remedy is thus irrelevant.  ***Logan v. Zimmerman Brush Co**. (1982) 455 U. S. 422, 435-36.*

**Page 12 of  81**

4. **Snyder's Assertion Of De Novo Review Impressively Misleading**

Christina **Snyder** says Plaintiff could have sought *"judicial review in superior court, as provided in Vehicle Code section 40230."* <u>Rpt. & Recomm.</u> <u>19:3-4</u>. This is intentionally misleading.

A **prerequisite** to judicial review in the superior court is a *"decision"* by the municipal agency *following* an administrative hearing. See <u>Rpt. & Recomm.</u> (Doc 355) **13:11-12.** Here, there was no hearing and no decision. Ergo, no possible *de novo* review. **Lagos v. City of Oakland** *(1995) 41 Cal.App.4th Supp. 10.*

## Concluding Summation

The dismissal should be reversed and the matter remanded for further proceedings before a different judge.

**4th Claim for Relief** – *related* – **19th Claim for Relief**

## Opening Summary

*"The Fourth Amendment provides in relevant part that '[t]he right of the people to be secure in their persons, houses, papers, and* **effects***, against* **unreasonable** *searches and* **seizures***, shall not be violated.' It is beyond dispute that a* <u>vehicle</u> *is an "effect" as that term is used in the Amendment. United States v. Chadwick, 433 U. S. 1, 12 (1977)"* **United States v. Jones** - *slip op., 10-1259 _____ S.CT. _____ (2012 January 23).*

Unremarkably, the fact that vehicles are protected by the Fourth Amendment has not prevented an epidemic of California cities establishing secret traffic ticket and car impound quotas as a scam for increasing city revenues.

The Los Angeles Times, in a September 2010 story, reported City of Bell police *"in this poor, largely immigrant community were pushed to have more cars towed and, at one point, were given what some patrol officers said amounted to a daily quota. Several officers said they were* <u>reprimanded when they failed to find cars to tow</u> . . . ."[3]

---

[3] <u>Impounded Cars Boost Bell's Coffers</u>, *latimes.com, Paloma Exquivel, 2010 September 05, latimes.com/news/local/la-me-bell-impounds-20100906,0,2022422.story*

**Page 14 of 81**

The California Attorney General investigated the City of Maywood. *"A major controversy that led to the request for this investigation was the Maywood Police Department's practice of aggressively stopping motorists within the City of Maywood and <u>impounding their vehicles</u>. The decision . . . was sanctioned by the City Council . . . motivated by . . . desires to . . . raise revenue for the City."*[4] <u>Report 11</u> (emphasis added). The Attorney General then goes on to explain how the tow-and-impound scam worked. *Id., 11 - 12*.

A jury recently found Defendant City guilty as well for having a policy of ticket and impound quotas and of *<u>punishing</u>* police officers who failed to meet those quotas. The jury awarded each officer $1 million dollars in compensation.[5] According to trial testimony, the quota system ended in **2009**.

Too late to save Plaintiff who parked his car on a Los Angeles public street in **2006;** on a **Saturday** (2006 October 21). Plaintiff parked one foot behind a posted sign ("**Sign**") that prohibited parking on **Tuesdays** around noon .

_____

[4] State of California Department of Justice Office of the Attorney General, IN THE MATTER OF THE INVESTIGATION OF THE CITY OF MAYWOOD POLICE DEPARTMENT, Attorney General's Final Report, March 2009, *http://ag.ca.gov/cms_attachments/press/pdfs/n1722_maywoodreport.pdf*

[5] Andrew Blankstein and Joel Rubin, <u>LAPD Officers Who Complained About Ticket Quotas Are Awarded $2 Million</u>, Los Angeles Times, 2011 April 12.

Defendants Mendieta, City of Los Angeles, Hollywood Tow Service, Inc., and John Doe 2 (hereafter collectively *"Defendants"*) in unison **claimed** the Sign barred parking on **Saturday**, ticketed then seized Plaintiff's car.

Defendants **photographed** the **Sign** at the time Plaintiff's car was seized. Just prior to towing the car away Defendants photographed the instant **Sign** from a vantage point to the rear of Plaintiff's car.

Thereafter, Plaintiff engaged Defendants in a relentless letter-writing campaign of protest, and in administrative, state and federal proceedings religiously insisting throughout that Defendants **stole** his car simply to meet their ticket and impound quotas.

If the **Photograph** actually did show a sign barring parking on Saturdays – *all that Defendants had to do was release that Photograph to shut Plaintiff up and shut Plaintiff down*.

Plaintiff vigorously contested the ticket – which was ultimately <u>reversed</u> by the California Superior Court **after** a bench trial.

So, what happened to the **Photograph**?

Chronologically:  (**1**) Defendants refused to produce the Photograph in City's own administrative hearing, (**2**) disobeyed a Superior Court Order to forward

**Page 16 of 81**

the **Photograph** as evidence re trial *de novo*, (**3**) violated state law by not

complying with Plaintiff's Public Records Act request for a copy of the

**Photograph**, (**4**) violated Los Angeles Administrative Code, Div. 12, Records, Ch.

2, art. 2,§ 12.30, by refusing Plaintiff's request for a copy of the **Photograph**, (**5**)

filed in the district court below an altered sham ***negative*** of the **Photograph** in an

effort to avoid producing a copy of the **Photograph**, (**6**) repeatedly resisted

Plaintiff's pendent claim to enforce the above Public Records Act request and (**7**)

***continues*** to conceal the **Photograph**.

     Following reversal of the ticket by the state court, Plaintiff then sued for

violation of the Fourth Amendment's prohibition against unreasonable seizure.

     Christina Snyder dismissed, Rule 12(b)(6), by rejecting controlling Ninth

Circuit law, she reasoned  that because Plaintiff's car had been ticketed –

impounding it was *per se* a reasonable seizure and thus a claim for relief could not

be stated.

## Issues Presented

-      Does the Fourth Claim give sufficiently gives notice to Defendants
  and adequately alleges facts entitling Plaintiff to relief?  See ***Starr v. Baca***
  *(9th Cir. 2011) 652 F.3d 1202, 1216.*

# Statement of Law

Plaintiff's Fourth Amendment right against an unreasonable seizure

extended to the warrantless seizure of his car. **United States v. Jones** (2012) 565

U.S. _____, 2012 U.S. LEXIS 1063, Slip Op. 10-1259 (2012 January 23).

# Statement of Facts

2006 October 21 was a **Saturday**.[6]   On 2006 October 21, a **Saturday**[7]

Plaintiff parked his car one-foot behind a *rectangular* traffic-control street sign

permanently affixed to a lamppost.[8] For consistency, and congruent with the

allegations of the TAC[9], the above street sign will be referred to as the **Sign**.

Plaintiff parked at 1448 N. Gower Street,[10] a well-traveled artery.[11] Plaintiff

parked his car directly under a street light[12] and accordingly his car was well-

illuminated.[13]

---

[6] TAC ¶ 72
[7] TAC ¶ 72
[8] TAC ¶ 67
[9] TAC *passim*
[10] TAC ¶ 66
[11] TAC ¶ 267
[12] Id.
[13] Id.

Curb parking was permissible that **Saturday** at the curb space of 1448 N. Gower were Plaintiff parked.[14]  Plaintiff lawfully parallel-parked at the curb in amongst a line of other cars,[15] which were similarly parked and unoccupied.[16]

Where Plaintiff parked, there was no sign prohibiting parking on **Saturday**.[17] The **Sign** that was one foot in front of Plaintiff's car *only* barred parking on **Tuesday** for street cleaning.[18] 2006 October 21 was a **Saturday**.[19]

On that **Saturday**, at approximately **11:30 PM**, Defendant Mendieta had considerable time to observe Plaintiff's vehicle parked at 1448 N. Gower. [20] Mendieta had an appreciable amount of time to mull over the fact that Plaintiff's car was parked one foot behind the **Sign**.[21]

Mendieta, positioning himself at the rear of Plaintiff's car, took a **Photograph** of the **Sign**; this **Photograph**, further discussed below, and congruent with the allegations of the TAC, is referred to simply as the **Photograph**. [22]

---

[14] TAC ¶ 71
[15] TAC ¶ 66
[16] Id.
[17] TAC ¶ 69
[18] TAC ¶ 70.
[19] TAC ¶ 72
[20] TAC ¶ 77
[21] Id.
[22] TAC ¶ 80.

Next, approximately 15 minutes after he had arrived, Mendieta ticketed (Parking Ticket # **834764674**) Plaintiff's car.[23]  In doing so, Mendieta made two misrepresentations.  First, he feigned a **non-existent** street address; pretending Plaintiff's car was parked at 1410 No. Gower Street.[24]  And, Mendieta deceitfully misstated that Plaintiff's car was parked one foot behind a **temporary** no-parking sign barring parking on Saturday.  There was no Saturday-No-Parking sign.[25]

Plaintiff later examined the **official** street maps of the Defendant City. Plaintiff parked at 1448 No. Gower[26], examination of **official** Los Angeles City records revealed there was **no** 1410 No. Gower.[27]

Mendieta, who was on duty at the time and in the uniform of a Los Angeles meter maid[28] — reminding of the above facts that Mendieta had taken a **Photograph** of the **Sign** — fraudulently contended that the **Sign** was a *temporarily* posted one that prohibited **Saturday** parking at "*1410 No. Gower*"; on that basis and for that ostensible reason *only* Defendants seized Plaintiff's car..

---

[23] TAC ¶ 132
[24] Id.
[25] TAC ¶¶ 67, 77
[26] TAC ¶¶ 66, 71.
[27] TAC ¶ 88
[28] TAC ¶¶ 278, 279

Defendants ticketed and impounded Plaintiff's car on a **Saturday**; their single and sole reason advanced for seizing Plaintiff's car being Defendants' contention that Plaintiff had parked behind a sign that barred parking on Saturday.

At around midnight, Defendant Mendieta, under Defendant City's above policy of ticket and impound quotas, **pretended** that Plaintiff's car was parked in violation of Los Angeles Municipal Ordinance 80.69(b),[29] summoned John Doe 2 to seize and tow Plaintiff's car to Hollywood Tow Service, Inc., where it was impounded.[30]

Defendant City's judicially-proven policy[31] of ticket quotas and impound quotas was the sole cause of Defendants Mendieta, John Doe 2, and Hollywood Tow Service seizing Plaintiff's car.[32]

Plaintiff energetically disputed Parking Ticket 834764674.[33]  Plaintiff, having become aware of the **Photograph** and that it only depicted the **Sign** barring parking on **Tuesdays**, requested an administrative hearing and further requested and insisted that – at that hearing – Defendant City produce the **Photograph**.[34]

---

[29] TAC ¶ 263(b)
[30] TAC ¶ 276
[31] TAC ¶¶ 151 - 177
[32] TAC ¶ 260
[33] TAC ¶ 142
[34] TAC ¶ 403

Defendant City **refused** to produce the **Photograph** at the administrative

hearing,[35] *suppressing* this exculpatory evidence instead.[36]   Defendant City then,

not surprisingly but routinely, decided Parking Ticket 834764674 was valid.

Plaintiff petitioned the California Superior Court for *de novo* review.[37]

The Superior Court **ordered** City to produce the "*entire*" file which included

the **Photograph**.  Defendant, in defiance of the court's order, **again** suppressed the

exculpatory **Photograph**.[38]  A bench trial was held.[39]  Defendant City (the <u>plaintiff</u>

in the above trial *de novo*) failed to put on **any** evidence.[40]  Over Plaintiff's

objections, the matter nonetheless proceeded to a bench trial.[41]  The Superior Court

**reversed** Parking Ticket 834764674.[42]

Following that, Plaintiff next requested, under California's <u>Public Records</u>

<u>Act</u> (Cal. Gov. C., § 6250 *et seq.*) ("PRA") that City provide an exact copy of the

---

[35] TAC ¶ 404
[36] TAC ¶ 406
[37] TAC ¶ 264(h); see Cal. Veh. C., § 40230 *et seq.*
[38] TAC ¶¶ 416, 420, 421
[39] Id.
[40] <u>Rprt & Recomm.</u>, filed 2010 July 27, Doc 355, 25:13-14.  California law imposes the requirement that, minimally, Defendant City produce *prima facie* evidence of a parking violation.  See <u>Cal. Veh. C.</u>, §§ 22650(a); 40202(a); 40230.
[41] TAC ¶ 263(h)
[42] TAC ¶ 424, Ex. "3"

**Photograph.** TIn violation of the PRA and — apparently seeing "*lawsuit*"

~~handwritten on the wall~~ — Defendant City suppressed the **Photograph** again.[43]

# Discussion

It beggars common sense that Defendants would religiously concealed the

**Photograph** because it proved Plaintiff's car was ***unlawfully*** parked.

Rather, bet five  bucks and the remainder of your turkey pot pie that the

**Photograph**, still in Defendants' possession, reveals Plaintiff's car lawfully parked

on **Saturday** behind a No-Parking-On-Tuesday sign.

1.    **Section 1983 Liability Clearly And Competently Alleged**

To make out a § 1983 claim, a plaintiff must show:  (1) the action occurred

under color of state law, and (2) the action resulted in a deprivation of a

constitutional right.  ***McDade v. West*** (9th Cir. 2000) 223 F.3d 1135.

a.    **Non-Municipal Corporation And Individual Defendants Are State Actors.  Jury Finding Of Municipal Policy Binds Defendant City**

"*It is firmly established that a defendant in a § 1983 suit acts under*

*color of state law when he abuses the position given to him by the State.*"

***West v. Atkins*** (1988) 487 U.S. 42, 49-50.

---

[43]  TAC ¶¶ 465 - 472.  A party does not, of course, suppress evidence that
aids its cause or helps prove it reasonably seized a car.

Defendants Mendieta and Doe 2 acted under Los Angeles Municipal Ordinance 80.69(b) hence under color of state law. *Atkins, supra, at 49-50.*

Defendant Hollywood Tow Service, Inc., acted in concert with City under color of state law  TAC ¶¶ *276, 280.* *Stypmann, infra, 557 F.2d at 1341.*

A local governmental entity may be liable under 42 USC § 1983 where "*the municipality had a formal policy or custom in place pursuant to which a city employee could have committed a constitutional violation.*" **Monell v. Dep't of Soc. Servs. of City of N.Y.** *(1978) 436 U.S. 658, 690-91.*

City had a policy, factually alleged in the TAC, of ticketing and impounding vehicles under a quota system intended as a revenue-generating scheme without regard to federal constitutional restraints.[44]  Defendants acted pursuant to City's policy.  TAC ¶¶ 260, 263(f), 286.  City is liable. **Monell,** *supra.*

City may not dispute its quota policy.  The issue of such a policy was tried to a jury which found City had such a policy, at least up to 2009, *ante*.  The issue is settled. **Robi v. Five Platters, Inc.** *(9th Cir.1988) 838 F.2d 318, 322.*   The jury findings and judgment re City's unlawful ticket and impound quotas rises from a case to which Plaintiff was not a party.[45]

---

[44] TAC ¶¶ 151 - 177.
 [45] Plaintiff's reliance on a jury trial occurring after the instant Rule12(b)(6) dismissal is proper.

(continued...)

Plaintiff may *offensively* assert estoppel, precluding relitigation. **Green v. Ancora-Citronelle Corp.** *(9th Cir.1978) 577 F.2d 1380, 1383-84 & n. 2.*

b.    **State Actors Deprived Plaintiff Of Constitutional Rights**

Plaintiff's car was lawfully parked. Defendants are estopped to contend otherwise per the <u>Heck Doctrine</u>. Thus, the seizure of Plaintiff's car *"must be considered an unreasonable seizure . . . ."* **Miranda v. City of Cornelius** *(9th Cir. 2005) 429 F.3d 858, 869*, depriving Plaintiff of his Fourth Amendment right.

2.    **Ninth Circuit District Judge Without Power To Ignore Circuit Law Snyder's Per Se Rule Rejected by Ninth Circuit 6 Years Earlier**

Snyder says that *"The impoundment of plaintiff's car from a public street following issuance of a parking citation . . . falls squarely within the scope of the community caretaking doctrine and therefore was lawful for section 1983 purposes."* <u>Report and Recommendation</u> **26:1-3** *"Accordingly, plaintiff's fourth claim for relief against Hollywood Tow, John Doe 2, Mendieta, and*

-----------------------------

[45](...continued)

A party appealing a Rule 12(b)(6) dismissal may elaborate o his factual allegations so long as the new elaborations are consistent with the pleadings. See **Highsmith v. Chrysler Credit Corp.** *(7th Cir. 1994) 18 F.3d 434, 439-40* (reversing dismissal based on such new elaborations).

The post-dismissal trial findings are elaborations providing a way for Plaintiff to show this Court that there is some evidentiary weight behind the TAC's municipal policy allegations. **Roe v. Bridgestone Corp.** *(S.D. Ind. 2007) 492 F. Supp. 2d 988, 1007.*

*the City should be dismissed.*" <u>Report and Recommendation</u> (Doc 355) 26:9-10.

~~Ninth Circuit District Judge Christina Ann Snyder lacked discretion to~~

ignore the Court of Appeals for the Ninth Circuit.

All district courts of the Ninth Circuit are bound by the law of the circuit.

**Spears v. Stewart** *(9th Cir. 2002) 283 F.3d 992, 1006* (once a panel of the Ninth

Circuit has rendered an opinion that is binding as law of the case and law of the

circuit).

"*So long as the issue is presented in the case and are expressly*

*addressed in the opinion, that holding is binding and cannot be overlooked or*

*ignored by . . . other courts of the circuit.*" <u>Id.</u>, citing **United States v.**

**Johnson** *(9th Cir. 2001) 256 F.3d 895, 915-916.*

Snyder reasoning that issuance of a parking ticket is a *per se* exception to

the Fourth Amendment's unreasonable seizure guarantee was rejected by the Ninth

Circuit in 2005; **Miranda v. City of Cornelius** *(9th Cir. 2005) 429 F.3d 858.*  The

**Miranda** holding is "*binding*" on Snyder and she could not "*ignore*" it – which she

did anyway.

A husband, Jorge Miranda, had a driver's license; his wife, Irene, did not.

Mr. Miranda wanted to teach his wife how to drive.

So with the husband in the passenger seat, the wife drove through their

**Page 26 of 81**

neighborhood at about 10 m.p.h. A police officer saw the car moving slowly and pulled them over just as they were pulling into their driveway. Rather than giving the Mirandas a warning, the cop ticketed **both** of them. He also had their car impounded under Oregon law which authorized the impoundment of a vehicle if the driver was unlicensed.

The Mirandas brought a § 1983 action against the City of Cornelius. The city argued that because the officer seized the car subject to a traffic stop, the seizure was *per se* constitutional. In other words, under the city's view, any time the police stop you, they can take away your car.

A hypothesis rejected by the Ninth Circuit in a well-reasoned opinion. The Mirandas' argued, however, that mere statutory authorization is not enough—there must be reason to believe that impoundment serves some legitimate purpose. The Ninth Circuit agreed, <u>ruling that because the impoundment of a car constitutes a *"seizure"* under the Fourth Amendment</u>, it must comply with the Fourth Amendment's requirement of *"reasonableness."*

Consequently, the Ninth Circuit examined the circumstances surrounding the impoundment of the Mirandas' car and concluded there was no apparent need for seizure. As the court pointed out, the car *"was not creating any impediment to*

*traffic or threatening public safety."* Furthermore, there was no public safety threat because the car was legally parked.

When it comes to traffic stops or as here traffic tickets where there is no reason to believe guns, drugs, or other illegal things are hidden in the care, the police only have the power to seize a motorist's car under the *"community caretaker"* exception to the Fourth Amendment. Under this exception, first articulated in *Cady v. Dombroski (1973) 413 U.S. 433, 441,* the police may seize a motorist's vehicle to **protect the public**. Having a car hanging out on the side of the road is dangerous.

However, Miranda's car was parked in the Miranda's driveway. The car did not present a hazard to others. Thus, the Ninth Circuit held that the police had actually contravened the community caretaker doctrine.

In the facts and circumstances of this case, Plaintiff's car was lawfully parked. There are no allegations in the TAC from which could even be inferred that seizure of Plaintiff's car was done to protect the public. Quite the contrary.

*"The question is rather whether the* [seizure of Plaintiff's car] *was reasonable under the Fourth Amendment." **Miranda**, 429 F.3d at 865* quoting ***Sibron v. New York** (1968) 392 U.S. 40,61.* The answer is no.

**Page 28 of 81**

# Concluding Summary

~~The Fourth Claim sufficiently gives notice to Defendants and adequately~~ alleges facts entitling Plaintiff to relief. **Starr v. Baca** *(9th Cir. 2011) 652 F.3d 1202, 1216.*

The only distinction between this case and **Miranda** is we are missing is a **driveway**.

## 9th Claim for Relief

## Opening Summary

It is beyond contradiction by this point that **Snyder** lied, *repeatedly*; due to extreme bias against Plaintiff and to corruption.

We have pointed to, among many things, her conjuring non-existing phantom allegations; her fiction then anchoring 12(b)(6) dismissals.

Hollywood Tow Service, Inc., contracted with Los Angeles to tow and impound vehicles, has a policy of seizing the keys of a car, whenever possible; to increase revenue from vehicle lien sales - having keys allows engine starts, trunk access, and the vehicles to be driven off after auction.  See Pltf Rule 59(e) Mo., Doc 498, pp. 16 - 17, filed 2011 March 22.

Notably, these seizures of personal property (keys) are illegal.  California Vehicle Code, § 22851(b).

October 21, Hollywood Tow and Defendant City seized Plaintiff's unoccupied, locked car.

October 22, Plaintiff presented to Hollywood Tow with his car keys.

A heated dispute arose after Hollywood Tow's employee snatched Plaintiff's keys, refusing to return them.  Plaintiff called the police.  The police spoke with the

employee.  Time?  20 minutes; Plaintiff was forced to remain.  His keys were

necessary for different aspects of daily living.

Now, bear in mind that the Fourth Amendment **only** bars <u>unreasonable</u>

seizures.  So Christina **Snyder** *literally* <u>manufactured a reasonable seizure</u>;

insisting that Plaintiff alleged in the TAC that he was in the process of driving his

car out the impound garage **without** paying **when** the garageman rescued the

situation by snatching the keys from the ignition to prevent this theft of services.

Had Plaintiff alleged he was trying to abscond with his car without first

paying, such allegations - had they existed - would support an inference the keys

seizure was reasonable.  No 4th Amendment violation.  Defendants walk.

The TAC did **not** alleged (as Christina **Snyder** misrepresents) Plaintiff

attempting to escape with his car without paying.

The tale was told to make it appear Defendants were innocently

"[m]*aintaining temporary possession of plaintiff's keys for about 20 minutes to*

<u>*effectuate a valid lien*</u>" an appearance justifying 12(b)(6) dismissal.


**<u>Issues Presented</u>**

At this point, we may be leaving the area of farce and moving into cosmic

joke, but we have no option but to state the issue as it stands:

**Page 31 of 81**

- May a district judge assemble fake pleading allegations then dismiss by relying on her own counterfeit?

## Statement of Law

Adequate lower court analysis **must** appear in the record permitting informed appellate review.  *See* **Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.** *(4th Cir. 1995) 56 F.3d 556, 575-76.*

Appeals courts are not courts of original jurisdiction; they do not rule on matters not considered by trial court.  *"This is antithetical to proper performance of the review function."*  **Clay v. Fairfax, Inc.** *(11th Cir. 1985) 762 F.2d 952, 957.*

## Statement of Facts

In *the Report and Recommendation*, **Synder** said:

"**_The TAC_** [Plaintiff] **_alleges_** that Hollywood Tow employees Montoya and John Doe 4 took plaintiff's keys **out of the ignition of his car _as_ plaintiff was attempting to _drive_ out of the garage**, and refused to relinquish them for about twenty minutes, causing plaintiff to remain in the garage against his will while awaiting the return of his keys."

Christina **Synder** insists Plaintiff alleges in the TAC that Defendants seized

Plaintiff's keys to **stop** Plaintiff who was "***attempting to drive out of the garage***" so they were simply protecting their employer's (Hollywood Tow's) lien. See <u>Rpt. & Recomm.</u>, Doc 355 at 30:18-20.

**Snyder**, J., assures Defendants were only "***maintaining temporary possession of plaintiff's keys for about 20 minutes to effectuate a valid lien***".

1.    <u>**The Actual Allegations Of Ninth Claim for Relief**</u>

Plaintiff was **allowed** to drive down from the second-level, stopped the engine, placed car in park, and exited leaving the keys in the ignition, door ajar. TAC, ¶ 99.

Plaintiff entered a caged room with . . . <u>electronically controlled</u> . . . <u>doors</u>. TAC, ¶ 100.

**Defendant Rafael refused to re-activate the door between Plaintiff in the caged room and his car.** TAC, ¶ 104.

Rafael exited a separate room, entered the chained-link walled off parking area and . . . removed the keys from Plaintiff's car, <u>seized . . . said keys and then returned to the separate room</u> . . . . TAC, ¶ 105.

<u>Rafael refused to return Plaintiff's keys for an appreciable period of time, of approximately twenty-minutes duration.</u> TAC, ¶ 106.

Had Defendants simply handed Plaintiff his keys Plaintiff would have left. Plaintiff could **not** leave without his keys.

# Discussion

On a motion to dismiss, **all** reasonable inferences favorable to the plaintiff

must be drawn. **United States v. City of Redwood City** (9th Cir. 1981) 640 F.2d

963, 966. A reasonable inference here is that Defendants, acting under Hollywood

Tow's above policy of seizing car keys whenever possible, were hoping to force

Plaintiff to <u>abandon</u> his. **Snyder**, J., refused to draw that inference.

1.    **Judge May Not Fabricate Allegations For Use In Dismissal**

From a legal perspective Christiana **Synder's** fairy tale *impermissibly*

imported '*facts*' outside the pleadings, **Hal Roach Studios, Inc. v. Richard Feiner**

**and Co.** (9th Cir. 1990) 896 F.2d 1542, 1550 n. 19.

2.    **Judge May Not Ignore Wholesale Actual Allegations To Fit Dismissal**

**Snyder**, J., lacked discretion to reject the **actual** allegations of the Ninth

Claim. **Neitzke v. Williams** (1989) 490 U.S. 319, 328-329.

3.    **Fourth Amendment Unreasonable Seizure Of Property Is Stated**

Ninth Claim's actual allegations plead a violation by state actors of the Fourth

Amendment's guarantee against unreasonable seizure of personal property.

a.    **<u>Fourth Amendment Protects Personal Effects Such As Plaintiff's
Keys From Unreasonable Seizure</u>**

The <u>Fourth Amendment</u> protects "*effects*." Only recently, the Supreme Court

defined "*effect*" as "*other personal property.*" **United States v. Karo** *(1984) 468 U.S. 705.* Plaintiff's - car, household, padlock, postal box - keys were "*effects.*"

### b.   Plaintiff's Personal Effects (Keys) Were Seized At The Moment They Were Deliberately Taken By Defendants

"*A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property.*" **United States v. Jacobsen** *(1984) 466 U.S. 109, 113.*

### c.   Plaintiff's Personal Effects (Keys) Were Seized By Defendants Under Color Of State Authority

Hollywood Tow exercised power by virtue of California Vehicle Code, § 22851(a). It abused that power by establishing its official policy of intentionally seizing personal property (vehicle keys) for its own ends. Defendant Hollywood Tow is a state actor. **Stypmann v. City and County of San Francisco** *(9th Cir. 1977) 557 F.2d 1338, 1341.* Defendants Rafael and Doe 4 as Hollywood Tow employees executing its policy are state actors. **DeGrassi v. City of Glendora** *(9th Cir. 2000 207 F.3d 636, 647.*

### d.   Plaintiff's Personal Effects (Keys) Were Seized Without Warrant Or Reasonable Cause

Plaintiff's keys were seized without warrant, thus presumptively unreasonable. **Menotti v. City of Seattle** *(9th Cir. 2005) 409 F.3d 1153, 1154.* **Parratt v. Taylor** *(1981) 451 U.S. 527* does not apply. This is a Fourth

**Page 35 of 81**

Amendment claim. **Wagner v. Higgins** *(6th Cir.1985) 754 F.2d 186, 193* ("...

*fourth amendment claim **cannot be disposed of** on the basis of **Parrat**."*).

### 4.   Fourth Amendment Unreasonable Seizure Of Person Is Stated

Deprivations of federal rights which have occurred as a result of *"an affirma-*

*tively established or de facto policy, procedure, or custom,* [and] *which the state*

*had the power to control,"* are actionable under the Due Process clause. **San**

**Bernardino Physicians' Services Medical Group, Inc. v. San Bernardino**

**County** *(9th Cir. 1987) 825 F.2d 1404, 1410.*

City through its contract with Hollywood Tow had the power to control the

***ongoing*** seizures of motorists', including Plaintiff's, property.

A state actor is liable under § 1983 if he or she *"subjects"* a person to a

deprivation of rights or *"causes"* a person *"to be subjected"* to such deprivation.

Cf. **Monell v. New York City Dept. of Social Servs.** *(1978) 436 U. S. 658, 692.*

The seizure of Plaintiff's keys subjected Plaintiff to deprivation of his liberty

of movement for an appreciable length of time, TAC, ¶ 106, constituting  a false

arrest/imprisonment. **Hagberg v. California Federal Bank** *(2004) 32 Cal.4th 350,*

*373 n.7.*

In **Serra v. Lappin** *(9th Cir. Cal. 2010) 600 F.3d 1191*, this circuit stated that false imprisonment is the non-consensual, intentional restraint of a person, without lawful privilege, for an appreciable length of time, *however short.*

## Concluding Summary

Christina **Snyder** dismissed based on her own novella. The Ninth Claim should be remanded for a determination in **the first instance** if it sufficiently gives notice to Defendants and adequately alleges facts entitling Plaintiff to relief. See **Starr v. Baca** *(9th Cir. 2011) 652 F.3d 1202, 1216.*

Alternatively, the Court should reverse the Rule 12(b)(6) dismissal of the Ninth Claim. It does gives notice to Defendants and adequately alleges facts entitling Plaintiff to some relief.

## 12th Claim for Relief

## Opening Summary

A plaintiff may sue under § 1983 for a violation of federal rights when such violation was committed by a defendant abusing authority given it by government.

Defendant Hollywood Tow Service, Inc. was given authority by Defendant City of Los Angeles to **participate** in vehicular seizures and to hold vehicles in impound storage until towing charges, storage fees and municipal taxes are paid.

On October 22, 2006, Hollywood Tow participated with City in the seizure of Plaintiff's unoccupied car.

On October 23, Plaintiff presented to Hollywood Tow with his car keys. A heated argument ensued when Hollywood Tow snatched, retained Plaintiff's keys and refused to return them. Plaintiff called the police. The keys were then restored to Plaintiff.

On October 27, Plaintiff returned to Hollywood Tow and paid – in cash – the full amount demanded for the release of his car.

Apparently, however, still peeved about the October 22 incident, Hollywood Tow accepted the cash but then actively refused to release Plaintiff's car. Plaintiff sued for an unreasonable seizure in violation of the Fourth Amendment.

**Snyder**, J., dismissed - Rule 12(b)(6); allegedly for failure to state a claim.

**Issue Presented**

- *One*, did the October 27 refusal constitute a **second** seizure of property?

## Statement of Law

The Fourth Amendment applies to a seizure even sans a search. **Soldal v. Cook County** *(1992) 506 U.S. 56, 70.*  A '*seizure*' **occurs whenever** there is some meaningful interference with an individual's private interests in property. **Verdugo-Urquidez**, *supra.*  Use of a car is a "*substantial private interest*." **Goichman**, *infra.*

## Statement of Facts

On 2006 October 21, **Saturday**, Plaintiff parked his car "*one-foot*" behind a posted sign prohibiting **Tuesday** afternoon parking.[46]

Defendants, including Hollywood Tow Service, to meet unlawful ticket and impound quotas under cover of Ordinance 80.69(b)[47] pretended the *No-Parking-On-Tuesday* sign somehow read **Saturday** ticketed[48] then seized[49] Plaintiff's car.

The **next** day, October 22, Plaintiff visited the impound garage.  <u>A brouhaha erupted, TAC, ¶ 197, when Hollywood Tow's employee grabbed and held</u>

---

[46]TAC, ¶¶ 67-70.
[47]TAC, ¶ 178
[48]TAC, ¶ 132
[49]TAC, ¶¶ 77, 89

Plaintiff's keys for about 20 minutes.[50]

On October 27, Plaintiff returned to Hollywood Tow.[51] The ransom, now

ballooned to $352, id., was paid,[52] in cash. Id. The car's release was demanded.[53]

Hollywood Tow **actively** refused to free Plaintiff's car.[54]

# Discussion

The initial, October 22nd, seizure created a statutory lien for the charges

arising from that seizure (towing and storage). Vol 13, Witkin, *Summary of*

*California Law* (10 ed. 2005) **Towing and Storage Lien**, § 242, p. 265.

A lien is a legal claim on property as *security* for the payment of a debt.

***Gray v. Horne*** *(1941) 48 Cal.App.2d 372, 375.* It is **not** an interest in the property,

***Johnson v. Razey*** *(1919) 181 Cal. 342, 344.*

A lien is only a *right of detainer* as *security* for payment of the debt. ***Huie***

***v. Soo Hoo*** *(1933) 132 Cal.App.Supp. 787.*

The mere *tender* of payment in full *extinguishes* the lien. 42A California

Jurisprudence (3d 2008), *Manner of Redemption; Tender requirement*, § 53, p.

810 (citing the cases).

---

[50]TAC, ¶ 196.
[51]TAC, ¶ 111.
[52]TAC, ¶ 112
[53]TAC 75, § 380
[54] TAC, ¶ 113.

Full payment was **tendered** and **accepted**.  Hollywood Tow took the cash

then refused to return Plaintiff's car; this conduct constituted a second seizure.

***Chan-Jimenez***, *supra*; ***Walters***, *supra*.

An inference can be drawn from the TAC that Hollywood Tow's conduct was

retribution for Plaintiff's earlier resistance to relinquishing his keys.  *Ante*.

By petulantly refusing to return Plaintiff's property without legal grounds,

Hollywood Tow abused the authority given it by Los Angeles but acted under color

of state law, ***Ward v. Atkins*** *(1988) 487 U.S. 42, 49-50*.

Section 1983 fully applies to abuses of governmental authority.  ***Anderson v.***

***Warner*** *(9th Cir. 2006) 451 F.3d 1063, 1068*.

In ***United States v. Chan-Jimenez*** *(9th Cir.1997) 125 F.3d 1324* a driver

followed by a suspicious cop pulled over and stopped.  This court did not treat the

driver's voluntary stop as a seizure but held a seizure occurred when the police

subsequently **failed to return** the driver's license and registration.  *Id., at 1326*.

Hazelwood police seized Ronnie Walters handgun and ammunition during a

traffic stop and arrest.  No charges were filed.  Walters then demanded the return of

his property.  The police actively refused to do so.

The Eighth Circuit held that there were two **separate** seizures.  The first

being the physical seizure of the handgun and ammunition and the second being the

refusal to return same. **Walters v. Wolf** (8th Cir. 2011) 660 F.3d 307, 314.

The court held that defendants' "*valid seizure <u>ended</u> with the dismissal of*

*the predicate charges . . .*" Id., at 314-315. "*A second deprivation occurred* []

*when the defendants, with no legal grounds, refused to return Walter's*

*property.*" Ibid. See also **Segura v. United States** (1984) 468 U.S. 796, 812.

## Concluding Summary

The tender of payment, the acceptance of payment, and the subsequent refusal

were intervening acts. Cf., **Walters**, *supra.* The right to retain the car expired

upon full tender. The refusal to free the car thereafter was a separate seizure.

Dismissal of the Twelfth Claim should be reversed; the matter remanded for further

proceedings before a different judge.

## 14th Claim for Relief and 15th Claim for Relief

## Opening Summary

Plaintiff parked behind a street sign ("**Sign**") that announced no parking on **Tuesdays** for street cleaning.  However, to meet illegal quotas, Defendants first ticketed then **seized** Plaintiff's car by pretending the **Sign** barred parking on **Saturday**; photographing the **Sign** at that time.

Plaintiff disputed the matter, requested an administrative hearing with production of the **Photograph**;  Defendant City, pursuant to its established policy, suppressed it instead.

Demonstrating that the separation between sanity and the state of hallucination was beginning to blur, City took the obscene position at the hearing, **after** hiding the Photograph, that there was no evidence the **Sign** barred parking on **Tuesdays**, upheld the ticket, validating the car's seizure.

Plaintiff filed for trial de novo.  When the California Superior Court ordered City to transfer the entire file, including the Photograph, it again suppressed the **Photograph**.

Plaintiff sued.  **Snyder**, J., dismissed.  Rule 12(b)(6).

## Issues Presented

- *First*, is there adequate analysis in the record upon which to base appellate <u>review</u>?

- *Second*, are minimal due process requirements met when the government seizes personal property then goes forward with a post-deprivation hearing while suppressing exculpatory material evidence revealing no reason for the seizure?

## Statement of Law

Due process requirements apply to state **administrative** proceeding. *Gibson v. Berryhill (1973) 411 U.S. 564, 579.*

The Fourteenth Amendment secures the right of "***meaningful***" due process. *Matthews v. Eldridge (1976) 424 U.S. 319, 333.*

Procedural due process requires "*constitutionally adequate procedures*." *Cleveland Board of Education v. Loudermill (1985) 470 U.S. 532, 541.*

City's suppression of favorable material evidence is **not** a constitu-tionally adequate procedure. *Mooney v. Holohan (1935) 294 U.S. 103, 112.*

# Statement of Facts

On 2007 April 15, Plaintiff appeared to administratively contest parking ticket # **834764674** and challenge the seizure of his car.  Defendants had seized Plaintiff's car because, they said, it was parked behind a sign, of which a photograph was taken, that *temporarily* prohibiting parking.

A **Photograph** proved parking was not prohibited at the time.[55]

The key issue at the April 15 proceeding would be whether the **Sign** did prohibit parking as Defendants pretended or not as Plaintiff insisted.[56]

Plaintiff requested Defendants produce the **Photograph** at the hearing.[57]

The **Photograph** was favorable material evidence.  It revealed parking permissible on the day in question.[58]  Defendants suppressed the **Photograph**.[59]

City then decided Plaintiff had no proof the **Sign** did not prohibited parking, the ticket correct, validated seizure, kept the prepaid fine money.[60]

Plaintiff petitioned the California Superior Court for *de novo* trial.[61]

---

[55] TAC ¶ 401
[56] TAC ¶ 405
[57] TAC ¶ 403
[58] TAC ¶ 406
[59] TAC ¶ 404
[60]  TAC ¶ 410
[61]  TAC ¶ 415.

Plaintiff requested Defendants produce the **Photograph** at trial.[62]

The central issue would again be did the **Sign** temporarily prohibited parking

as Defendants claimed or not as Plaintiff contended.[63]

The **Photograph** of the **Sign** was again exculpatory evidence; revealing

parking permissible on the day in question.[64]

Defendants did not produce the **Photograph** .[65]  Again, willfully suppress-

ing it.[66]

Still, following bench trial the decision finding valid Parking ticket #

834764674 was **reversed**.  TAC ¶ 454.

---

[62]  TAC ¶ 416

[63]  TAC ¶ 418

[64]  TAC ¶ 419

[65]  TAC ¶ 420

[66]  *Id.*

# Discussion

Suppression of favorable evidence violated Plaintiff's right to a **meaningful**

administrative hearing (14th Claim) and trial de novo (15th Claim).

### 1.    Snyder's Sparse Comment That Brady Has Never Been Used In The Civil Arena Is Insufficient Makeweight And Inadequate Analysis

Plaintiff would have fared no worse had he been represented by an empty

chair.  **Snyder**, J., hopped over Plaintiff's arguments and case citations, comment-ed

that "*Brady*" had never been civilly applied, case dismissed.

"*Neither the Supreme Court nor the Ninth Circuit has applied Brady to

civil cases.  See Clarke v. Upton, 2009 WL 1460815, at *18 (E.D. Cal. May 26,

2009)(collecting cases).*" Rpt. & Recomm. **33:19 - 20**.  "*Since plaintiff has no

right to disclosure of exculpatory evidence under Brady **in this context***, *his*

**fourteenth and fifteenth claims** *for relief against the City should be* **dismissed**."

Rpt. & Recomm. **33:23 - 24**.  That's it.

This is inadequate – in fact no – analysis upon which to base appellate

review.  **Hagestad v Tragesser** *(9th Cir. 1995) 49 F.3d 1430, 1434-35*.  Remand is

required.  *Id.*

### 2.    Where Due Process Requires A Hearing The Hearing Must Be

**Page 47 of  81**

**Meaningful To Meet That Requirement**

"*Constitutional due process requires that a party affected by govern-ment action be given 'the opportunity to be heard at a meaningful time and in a **meaningful** manner'.*" **California ex rel. Lockyer v. F.E.R.C.** *(9th Cir.2003) 329 F.3d 700, 708, n. 6.* (Emphasis added.)

Thus, because constitutional due process requires cities conduct a post-impound hearing, **Goichman v. Rheuban Motors, Inc.** *(9th Cir.1982) 682 F.2d 1320, 1325*, it follows that due process requires the post-impound hearing be **meaningful**.

Due process is <u>never</u> satisfied where a city rigs the outcome by suppressing exculpatory evidence in its possession; such conduct is "*inconsistent with the rudimentary demands of justice.*" **Brady v. Maryland** *(1963) 373 U.S. 83, 86* citing **Mooney v. Holohan** *(1935) 294 U.S. 103, 112.*

## Concluding Summary

As alleged, Plaintiff's car was seized under City's <u>established</u> sham policy. A subsequent hearings to determine if the ticket and seizure was reasonable was held. City suppressed a **Photograph** showing no reason to ticket or seize the car.

By any flexible definition, **Gilbert v. Homar** *(1997) 520 U.S. 924, 930*, that

was **not** due process; such a hearing had no meaning.

Remand for analysis in the first instance should be ordered, giving Plaintiff

occasion to address any concerns.

Alternatively, each claim clearly and adequately alleges violations under

established municipal policy re Plaintiff's 14th Amendment due process right.

Federal question claims are ably stated. ***Starr v. Baca*** *(9th Cir. 2011) 652 F.3d*

*1202, 1212.*

### 1st Claim for Relief

### Opening Summary

Carolyn Garcia complained to the mayor about bike-riding on the sidewalk which a local ordinance prohibited. Garcia wanted it enforced. The police were instructed to enforce the law, but they did not. **Garcia**, *infra*.

Garcia parked her car in front of her shop in violation of a two-hour limit; rarely enforced. From 1999 opening of her shop in until August 30, 2000, Garcia was never ticketed. *Id*.

At the end of August, after a heated exchange about sidewalk bike-riding, the mayor told Garcia the two-hour time limit would be enforced against her because of her complaints about the bicycling ordinance. *Id*.

Several <u>hours</u> later, Garcia received her first parking ticket. Over two months, she received three more tickets. *Id*.

By comparison, Kevin Hudson, office next to Garcia, regularly parked in violation of the same limit for eight years; never received a ticket before August 30, when he also received one; it *disappeared* after he spoke with the mayor.

Here, Plaintiff parked - on a **Saturday** - on a public street in a spot **municipally-reserved** for parking on Saturdays - when he had an encounter with Defendant Jackson - a Los Angeles Department of Transportation (LADOT)

employee to whom Plaintiff expressed his view that LADOT was corrupt. Jackson took umbrage, later surreptitiously issuing a ticket for parking in a *"bus zone."* .

<u>There was no bus zone.</u>

The ticket required multiple visits to LADOT which upheld the ticket.

Plaintiff filed for trial *de novo* in the California Superior Court; <u>the ticket was reversed</u>.

Plaintiff sued for retaliation in violation of his First Amendment right to freedom of speech. **Snyder**, J., dismissed under Rule 12(b)(6) because "[t]*he nonconclusory facts in the TAC <u>and attached exhibits</u> do not create a reasonable inference that Jackson issued the '236 citation **solely to chill or deter** plaintiff's speech.*" <u>Rpt & Recomm.</u> (Doc 355) 11:6-7, filed 2010 July 27.

<u>There was no bus zone.</u>

## Issues Presented

- Does the First Claim give sufficiently gives notice to Defendants and adequately alleges facts entitling Plaintiff to relief? See **Starr v. Baca** *(9th Cir. 2011) 652 F.3d 1202, 1216.*

# Statement of Law

To ***prevail*** on a First Amendment retaliation claim, the plaintiff must ***ultimately prove*** that (1) the action taken by the state actor "*would chill or silence a person of ordinary firmness from future First Amendment activities*" and (2) the desire to cause the chilling effect was a but-for cause of the subject action. Cf. **Skoog v. County of Clackamas** *(9th Cir. 2006) 469 F.3d 1221, 1231.*

However, at the **pleading stage**, all that "*a complaint needs so as to avoid dismissal are allegations that [the] conduct was motivated by an intent to retaliate for [plaintiff's] exercise of constitutionally protected rights . . . .*" **Thomas v. Carpenter** *(9th Cir. 1989) 881 F.2d 828, 829.*

"*The crux of this case, then, rests on whether [the] complaint sufficiently alleges that [Defendant] acted with an intention of retaliating against the exercise of constitutionally protected rights.*" Id., *at 830.* See First Claim, passim. TAC, ¶ 197 specifically.

# Statement of Facts

2005 November 19 was a Saturday.[67]  At 4:00 PM, Plaintiff parked at 350 N. Figueroa Street,[68] in designated parking.[69]  Adjacent to Plaintiff's parking spot was a municipal sign allowing Saturdays parking.[70]

Plaintiff encountered Defendant Jackson, wearing a LADOT uniform and driving a LADOT vehicle.[71]  A heated exchange occurred with Plaintiff denounc-ing the LADOT as a corrupt governmental agency.[72]

Defendant Jackson escalated the debate, ultimately responding with vicious profanities[73] but never stating or intimating that Plaintiff was unlawfully parked.[74]

Plaintiff walked away.[75]

---

[67] TAC, ¶ 35.

[68] TAC, ¶ 35.

[69] *Id.*

[70] TAC, ¶ 39;  See also TAC **Exhibit "1"** (photograph of the sign).

[71] TAC, ¶ 41.

[72] TAC, ¶ 42.

[73] TAC, ¶ 43.

[74] *Id.*

[75] TAC, ¶ 44.

Weeks later, Plaintiff received a notice in the mail informing that Jackson had issued a ticket alleging he had parked unlawfully in a *"bus zone"* on 2005 November 19 at 350 N. Figueroa Street.[76]

There was **no** curb lettering[77] or curb markings[78] indicating a bus zone.

There was **no** sign or symbol posted indicating a bus zone.[79]

There **was** a sign, however, permitting **Saturday** parking, *ante*, and 2005 November 19 was a **Saturday**. *Ibid.* Plaintiff disputed the ticket.

Plaintiff *prepaid* the fine: $252.00 dollars.

Defendant City purposely built a grueling, Byzantine administrative maze that motorists are forced through if they wished to contest a parking ticket.[80]

Plaintiff made it through to the administrative hearing. Ticket upheld: it ***did not matter*** that the ticket was issued in retaliation for Plaintiff's speech.[81]

Plaintiff sought trial *de novo* in the California Superior Court.[82]

---

[76] TAC, ¶ 201.
[77] TAC, ¶ 31.
[78] TAC, ¶ 32.
[79] TAC, ¶ 33.
[80] TAC, ¶¶ 190 - 198
[81] TAC, ¶ 195.
[82] TAC, ¶ 196.

Following a bench trial, the parking ticket was reversed.[83]

~~Plaintiff sued Jackson for violating his First Amendment speech rights.  TAC,~~

¶¶ 182 - 207, <u>First Claim for Relief</u>. 42 U.S.C. § 1983.  Plaintiff sued Defendant

City because Jackson acted pursuant to City's *de facto* Policy.[84]

# Discussion

Christina **Snyder's** contention that Plaintiff did not allege facts **inferring** a

retaliatory purpose behind Jackson's issuance - after a profanity-laced altercation -

of a **Saturday** parking ticket for a car <u>parked behind a sign</u> allowing **Saturday**

parking can only be described as delusional.

### 1.    <u>A First Amendment Retaliation Claim Is Adequately Alleged</u>

At the pleading stage, all that "*a complaint needs so as to avoid dismissal*

*are allegations that [the] conduct was motivated by an intent to retaliate for*

*[plaintiff's] exercise of constitutionally protected rights [citation]*" **Thomas v.**

**Carpenter** *(9th Cir. 1989) 881 F.2d 828, 829.*

"*The crux of this case, then, rests on whether [the] complaint*

*sufficiently alleges that [Defendant] acted with an intention of retaliating*

*against the exercise of constitutionally protected rights.*" *Id.,* at 830.

---

[83]  TAC, ¶ 198.
[84]  TAC, ¶ 206(d).

In assessing a complaint against a motion to dismiss, one of the tools to be employed by the court is **common sense**. **Cole v. Sunnyvale**, No. C-08-05017, 2010 U.S. Dist. LEXIS 11105, 2010 WL 532428, at *4 (N.D. Cal. Feb. 9, 2010).

It was a **Saturday**. Parking was permitted on **Saturday**. There was a posted sign permitting **Saturday** parking. <u>A copy of that sign is attached as an exhibit to the TAC</u>; Exhibit " 1 ".

Jackson, a municipal employee, reacted vehemently and obscenely to Plaintiff's criticism of her Department. Jackson later, abusing her municipal authority, surreptitiously issued a parking ticket in response to Plaintiff's criticism.

The ticket was for allegedly parking in a bus zone. But there was no bus zone. There was no curb markings indicating a bus zone. There were no posted signs indicating a bus zone. <u>There was no bus zone.</u>

The Eighth Circuit has found that the selective issuance of parking tickets by state actors to a complaining citizen as a consequence of speech embraces a claim and supports a finding of unlawful retaliation for such speech, due to the "*concrete consequences*" of such charges. **Garcia v. City of Trenton** (8th Cir.2003) 348 *F.3d 726, 729*; TAC, ¶¶ 190 - 198. Our research fails to find a case to the contrary and there is none.

2.   **Under Circuit Law, Not Necessary To Allege A Chilling Effect**

Snyder dismissed under Rule 12(b)(6) because "[t]*he nonconclusory facts in the TAC* _and attached exhibits_ *do not create a reasonable inference that Jackson issued the '236 citation* **solely to chill or deter** *plaintiff's speech.*" Rpt & Rec. 11:6-7, Doc 355, filed 2010 July 27. (Emphasis added).

The law of the circuit is that a retaliation claim **_may_** assert *"an injury no more tangible than a chilling effect on First Amendment rights,"* but **it _need_ not be alleged to state a claim.  Rhodes v. Robinson** *(9th Cir. 2004) 380 F.3d 1123, 1131.*

The TAC also alleges other harm and injury.  TAC, ¶¶ 190 - 198.

A First Amendment retaliation claim is alleged.  **Rhodes**, *supra.*

3.   **Under The Heck Doctrine Superior Court Reversal May Not Be Called Into Question**

*"Thus, nothing in the TAC suggests that plaintiff rebutted the City's prima facie case that a parking violation occurred as reflected in the '236 citation."* Rpt & Recomm. (Doc 355) **11:2-3.**

The *"City's prima facie case"* was never proven.  A Rule 12(b)(6) motion tests the legal sufficiency of the pleadings, it is **not** a trial on the merits.  **Neilson v. Union Bank of Cal., N.A.** *(CD CA 2003) 290 F.Supp.2d 1101, 1151.*

The contention that issuance of a ticket is a *per se* exception to constitutional restraints has long been rejected by the Ninth Circuit. ***Miranda v. City of Cornelius*** *(9th Cir. 2005) 429 F.3d 858.*

The *issuance* of the ticket is irrelevant. The <u>decision</u> validating the ticket was "*reversed*". TAC ¶ 185. That decision no longer has effect. 1B <u>Moore's Federal Practice</u> (2d ed.) § 416(2), p. 2231.

Defendants are precluded from revisiting the parking ticket anyway, ***Heck v. Humphrey*** *(1994) 114 U.S. 129*, because a decision in Defendants' favor on that issuance of the ticket was somehow correct would impermissibly imply the invalidity of the state court's reversal; never overturned. ***Heck***, *supra*.

## Concluding Summary

The First Claim gives notice to Defendants and alleges facts entitling Plaintiff to relief. ***Starr v. Baca*** *(9th Cir. 2011) 652 F.3d 1202, 1216*. Dismissal should be reversed. The matter remanded before a different judge for further proceedings.

**026 Claim for Relief**

## Opening Summary

Defendant Rickenbacker Group, Inc. ("**Rickenbacker**") is a collection agency. TAC, ¶ 545. It **furnished** the **inaccurate information** at the heart of the 26th Claim for Relief. *Id.*

Defendant Experian Information Solutions, Inc. ("**Experian**") is a consumer reporting agency. TAC, ¶ 581.

Plaintiff noticed January 2007 that his consumer credit report contained inaccurate information.

Plaintiff contacted **Experian** conveying that the information was inaccurate.

**Experian** says it notified **Rickenbacker** of the dispute.

Nothing changed. Plaintiff sued **Rickenbacker** for violating 15 U.S.C. § 1681s-2(b) by failing to correct or permanently remove information after notice from **Experian**. See TAC, ¶ . pp. 111-113. See *Nelson v. Chasse Manhattan Mortgage Corp.* (9th Cir. 2002) 282 F.3d 1057, 1059-1060.

Rickenbacker moved for summary judgment. Granted.

### Issues Presented

- *One*, there is a triable jury question whether **Rickenbacker** conducted a reasonable, or any, investigation after notification of the dispute.

- *Two*, there is a triable jury question as to whether **Rickenbacker** reported the results of its investigation, if any, to Experian.

- *Three*, there is a triable jury question as to **Rickenbacker** 's failure to permanently remove or block the inaccurate information.

## Statement of the Law

The **FCRA**, 15 U.S.C. § 1681s-2(b), **requires** that, after receiving a notice from [**Experian**] of dispute regarding information, the furnisher of the information [**Rickenbacker** ] shall:

(A)    **Conduct an** investigation with respect to the disputed information:

(B)    Review all relevant information provided by [**Experian**]  . . . . ;

(C)    Report the **results** of the investigation to the [**Experian**];

(D)    If the investigation finds that the information is incomplete or **inaccurate**, report those results to a [**Experian**]  . . .' and

(E)    If an item of information disputed by [Plaintiff] is found to be

**inaccurate** . . . after any reinvestigation . . . (ii) **delete** [or] (iii) **permanently**

**block** the reporting of that item of information [by **Experian**].

## Statement of Facts

Plaintiff in **2004** parked his **1997 Ford Ranger truck** in a limited parking space on a Los Angeles public street behind the LAPD's Hollywood substation and, returning to it, the truck would not start.  Waters Decl. (Doc 387) ¶ 1.

Plaintiff's truck **without** his consent was ultimately towed by Defendant Hollywood Tow Service, Inc.. *Id.*

Plaintiff did not pay the storage and impound fees.  Waters Decl. ¶ 3 Doc 387. Lacking the money to repair the truck, Plaintiff likewise did not have the several **thousand** dollars demanded by Hollywood Tow for towing and impound fees. *Id.* Plaintiff did not dispute the impound and storage charges - just did not have the money. *Ibid.*  Eventually, a lien sale was held, leaving a deficiency claim for the $183 balance of the accrued towing and impound charges.

On **2005** March 01, **Rickenbacker** reported to **Experian** information that on **2004** May 01, Plaintiff had opened a credit account with Hollywood Tow Service, Inc. as judgment creditor in the original amount of $183.  TAC, ¶ 546.

Plaintiff does *not*, did *not* and *never has had* a credit account with

Defendant Hollywood Tow Service, Inc. <u>Waters Decl.</u> ¶ 4 Doc 387.

On January 2007, Plaintiff disputed the information, conveying that dispute

on or about January 2007 to Experian.  <u>Waters Decl.</u> ¶ 8 Doc 387.

On 2007 February 07, **Experian** gave written notice of the dispute to

**Rickenbacker** .  TAC, ¶ 551; <u>Mo. Summ. J.</u>, 5:12, Doc 384; <u>Angst Decl.</u>, ¶ 4 Doc

384-2, filed 2010 Oct 29.  The notice was received by **Rickenbacker** .  *Id.*

Although required, § 1681s-2(b)(A), **Rickenbacker**  did not investigate the

dispute, <u>Angst Decl.</u>, Ex. A,  Doc 384-2, p. 4, and refused to cause removal of the

inaccuracy.  <u>Waters Decl.</u>, ¶ 9, Doc 387.  See 15 U.S.C. § 1681s-2(b)(E)(1).

# Discussion

The moving party bears the initial burden of demonstrating the absence of a

genuine issue of material fact for trial. ***Anderson v. Liberty Lobby, Inc.*** *(1986)*

*477 U.S. 242, 256.*

Plaintiff contends that the moving party, **Rickenbacker** , did not meet this

burden leaving genuine issues of material fact for trial including whether or not

there was the required investigation and if so the adequacy of same, whether

**Rickenbacker** responded to **Experian** as required by the **FCRA** and whether

**Rickenbacker**  should have permanently deleted or blocked the inaccuracy.

**Rickenbacker** raised two **arguments** it said justified summary judgment:

(1)   No *"evidence"* the information was inaccurate,  Mo. Summ. J., 4:3-5,

Doc 384; and

(2)   *"Further, plaintiff's re-investigation claim is not the proper*

*vehicle for attacking the validity of consumer debts and thus the claim must*

*fail as a matter of law."* Mo. Summ. J., 4:6-7, Doc 384.

1.   **First Basis For Summary Judgment That "No EvidenceThe  Information Was Factually Inaccurate" FailsAs A Matter Of Law**

There is no dispute that the debt was a non-consensual towing debt.  Mo.

Summ. J., 4:15-20, Doc 384.  It was **not** a credit transaction as a matter of Ninth

Circuit law.  Reporting the debt as a credit transaction was therefor inaccurate.

Plaintiff's **"only argument is that he 'did not open a credit account with**

**Hollywood Tow'."** Mo. Summ. J., 11:17-18, Doc 384.

There simply is no credit transaction when a vehicle is seized and impounded.

*In re Ford (1926) 14 F. 2d 848, 849.*

2.   **Last Basis For Summary Judgment That Plaintiff Was Attacking The Validity Of A Debt Fails As A Matter Of Fact And Law**

The actual notice given by **Experian** is controlling.  Any dispute by Plaintiff

directly to **Rickenbacker** *– and there was none –* would have been irrelevant as a

matter of law; including any challenge to the validity of a debt.  15 U.S.C. § 1681i;

***Dornhecker v. Ameritech Corp.*** *(N.D. Ill. 2000) 99 F.Supp.2d 918, 928-929.*

Here the trigger, the notice given by **Experian** was that Plaintiff's "**only**

**argument is that he 'did not open a credit account with Hollywood Tow'**." Mo.

Summ. J., 11:17-18, Doc 384.

3.    **Material Factual Issues Remained For The Jury**

a.    ***There is a triable jury question as to whether Rickenbacker***
      ***conducted a reasonable investigation, or any, upon receipt of the***
      ***dispute notice from Experian***

**Rickenbacker** admitted that the debt had been assigned to it, Mo. Summ. J.

at 4, Doc 384, and demonstrated convincingly that it was fully aware of that the debt

arose from a non-consensual tow. *Id.*  However, **Rickenbacker** never consulted its

own records. Angst Decl., Doc 384-2, p. 2, ¶ 5.

**Rickenbacker** claims to have contacted Defendant Hollywood Tow Service

instead. *Id.*  A jury would find **Rickenbacker** 's failure to consult its own records a

superficial investigation.  See ***Gorman v. Wolpoff & Abramson*** *(9th Cir. 2009)*

*584 F.3d 1147, 1156.*

**Rickenbacker** 's failure to check its own records did not constitute the

required fairly searching inquiry.  Op. Mo. Summ. J., Doc 389 at 13:18-19 citing

*Dennis v. BEH-1, LLC* *(9ᵗʰ Cir. 2006) 520 F.3d 1066, 1070.*  See also <u>Op. Mo.</u>

<u>Summ. J., Doc 389 at 23.</u>

     b.    ***There is a triable jury question as to whether Rickenbacker***
              ***reported the results of its investigation, if any, to Experian***

As Plaintiff pointed out in his Opposition, <u>Op. Mo. Summ. J.</u> (Doc 389) 24:9-

12, **Rickenbacker**  had previously DENIED receiving notice from **Experian**. See

<u>Motion to Dismiss Second Amended Complaint By Defendant Rickenbacker</u>

<u>Group, Inc.</u>, Doc 198, filed 2009 April 15 at Page 8, lines 4 - 6 (". . . *Defendant*

*was* **not** *given notice of the dispute . . . .*").  Emphasis added.

Representations in a brief are considered by the courts as **admissions** even

though not in a pleading or affidavit.  ***United States v. One Heckler-Koch Rifle***

*(7ᵗʰ Cir. 1980) 629 F.2d 1250, 1253.*

**Rickenbacker** first denied receiving notice then says it did receive notice,

"*immediately*" contacting Hollywood Tow Service for verification of the debt.

**Rickenbacker** next argues it replied back to **Experian** the debt's verification.

However, its own business record, <u>Angst Decl.</u>, Ex. A,  Doc 384-2, p. 4, shows that

it <u>never</u> replied back to **Experian** .

A reasonable inference is that a jury could conclude from these contradic-

tions, consistent with **Rickenbacker** 's own business record, Doc 384-2, p. 4, that it

never responded to **Experian**.

### c.    *There is a triable jury question as to Rickenbacker's failure to permanently remove or block the inaccurate information*

**Rickenbacker** admitted that the debt had been assigned to it, Mo. Summ. J. at 4, Doc 384, and demonstrated convincingly that it was fully aware of that the debt arose from a non-consensual tow. *Id.* **Rickenbacker** admits it was aware that the information was being inaccurately reported as a credit transaction but facetiously argues that that was all on **Experian** . Mo. Summ. J. at 4, Doc 384 11:10-14. We disagree.

Assuming **Rickenbacker** accurately reported the information as a non-consensual towing debt but that it knew **Experian** reported and continued to report it as a negative credit transaction, **Rickenbacker** was *required* by the **FCRA** to either cause the inaccurate information to be deleted or blocked. 15 U.S.C. § 1681s-2(b)(E)(1). It did not do so.

A reasonable inference is that a jury would have easily found **Rickenbacker** liable for its failure to either delete or block the **inaccurate** information.

### 4.    Snyder's Conduct Evidences Partiality And Corruption

We note that the overwhelming majority of **Rickenbacker** 's motion was just argument by its lawyer; most of it untrue. Attorney argument is not evidence. ***In re***

*De Blaure* (Fed. Cir. 1984) 786 F.2d 699, 705.

Second, no evidence was presented by **Rickenbacker** that it reported the

Hollywood Tow Service **2004** debt as anything but a credit transaction; that initial

burden was on **Rickenbacker**, the moving party. *Anderson v. Liberty Lobby, Inc.*

*(1986) 477 U.S. 242, 256.*

Third, the arguments by Eric Larson as to what Plaintiff contended and what

Plaintiff testified to at a deposition was carefully and thoroughly debunked in a line

by line analysis with verbatim quotations. See Op. Mo. Summ. J., Doc 289, pp. 14 -

20.

5.    **There Is Absolutely Nothing Supporting Claim Preclusion.  There Are**
      **Statements Barring Claim Preclusion**

The doctrine of claim preclusion holds that a final judgment on the merits

bars a second action between the same parties over the same cause of action. *In*

*Re Imperial Corp. of America* (9th Cir.1996) 92 F.3d 1503, 1506.

To determine whether successive lawsuits involve the same cause of action

for purposes of res judicata, Ninth Circuit courts consider:  1) whether rights

established by the prior judgment would be impaired by prosecution of the second;

2) whether substantially the same evidence is presented in both suits; 3) whether

both suits involve infringement of the same right; and 4) whether the suits "*arise*

*out of the same transactional nucleus of facts.*" **A.V. Constantini v. Trans World Airlines** *(9th Cir.1982) 681 F.2d 1199, 1201-02.*

Nowhere in the Order "*concluding*" that claim preclusion applied is there any indication the Constantini factors, or any factors, were considered. Nothing.

The fourth factor is "*the most important,*" *id. at 1202*, and may by itself be decisive. **International Union v. Karr** *(9th Cir.1993) 994 F.2d 1426, 1430.*

In fact, **Rickenbacker** 's papers established an absence of claim preclusion.

"*Plaintiffs vehicles were towed by Defendant Hollywood Tow on three separate occasions in 2004, 2007, and 2008.*" Mo. Summ. J., 3:9-10, Doc 384.

"*This current suit is only as to the 2004 tow of plaintiffs 1997 Ford Ranger' and the resulting collection efforts by* **Rickenbacker** ." *Id., 4:1-2.*

6. **No Basis For Appellate Review On This Record. Nothing To Review Regarding The Summary Judgment Ruling**

We have no idea how Snyder reached her "*conclusion*". Neither does this court. "*The unexplained [ ] order not only denies to the appellate court the tools of review but conceals what the court did and why and leaves the appeals court, like the proverbial hog, scrambling through the record in search of an acorn. This is antithetical to proper performance of the review function.*" **Clay v. Fairfax, Inc.** *(11ᵗʰ Cir. 1985) 762 F.2d 952, 957.*

# Concluding Summary

**Rickenbacker's** contention *"evidence"* is required to show it was inaccurate to report as a credit transaction a 2004 non-consensual towing debt is inconsistent with the FCRA's plain text, contrary to circuit law and at variance with the common law definition of **credit**.

Rickenbacker's contention that Plaintiff was somehow challenging the validity of a 2004 debt is the antidote for truth.

The dismissal of the 26th Claim should be reversed outright as there remains triable issues.

Alternatively, reversed with instruction to set out an analysis that clearly informs of the basis for any decision regarding **Rickenbacker** 's summary judgment motion.  See ***United States v. Hinkson*** *(9th Cir. 2009) 585 F.3d 1247, 1261-62.*

### 029 - 031 Claims

## Opening Summary

Defendant Experian Information Solutions, Inc. lost *repeatedly* before the Ninth Circuit on the very issue presented here - whether the involuntary seizure of personal property by a municipal government is somehow a credit transaction.[85] It is not. ***Pintos v. Pacific Creditors Ass'n***, *(9th Cir. 2010) 605 F. 3d 665 superceding 565 F.3d 1106 (2009) and 504 F.3d 792 (2007), cert. denied 131 S.Ct. 900, 178 L.Ed.2d 347 (2011).*

Five years after ***Pintos***, **Experian** continues to resist by presenting "*statements in a misleading  manner.*" ***Holman v. Experian Info. Solutions, Inc.***, *2012 U.S. Dist. LEXIS 59401 (N.D. Cal. April 27, 2012).*

"*Thus, when **Experian** furnished the class members' reports to Finex, there was already binding Ninth Circuit authority that this type of debt collection did not constitute a permissible purpose.*" ***Holman***, *supra.*

"*Plaintiff 1997 Ford truck quit running in, of all places, behind the Hollywood Station of the Los Angeles Police Department.  Unable to afford repairs, the truck was left there for several days and eventually, at the*

---

[85] The chattel at issue in **Pintos** was a car. **Pintos** at 675.  Tow and impound of a car is a seizure. ***Stypmann v. City and County of San Francisco** (9th Cir. 1977) 557 F.2d 1338, 1342.*

*direction of Defendant City of Los Angeles, was towed away by Defendant Hollywood Tow on 2004 February 02. Hollywood Tow gave notice of the responding lien to Plaintiff. Plaintiff did not and does not dispute the legal validity of the tow or corresponding lien. Plaintiff did not pay the impound amount charged by Hollywood Tow. Accordingly, the truck was sold at auction on 2004 May 06. Plaintiff did not and does not dispute the legal validity of the auction sale.*" <u>Pltf's Op. MJOP</u>, Doc 404 at 12 (citations to supporting documents omitted).

"*The auction did not cover the full impound amount claimed by Hollywood Tow. The resultant* **deficiency claim** *of 2004 May 06 was never litigated.*" <u>Pltf.'s Stmt. Gen. Issues</u>, p. 6, #20, Doc 388, filed 2010 Nov 08.

Although **Experian** has been aware since **2007**, *Holman, supra,* that a deficiency claim debt arising from a non-consensual towing was not a credit transaction it <u>continues</u> to report such debts as a credit transactions even though such reportage is <u>inaccurate</u>. ***Pintos, 605 F. 3d at 674.***

After unsuccessful attempts by Plaintiff to cause it to change its ways, Plaintiff sued **Experian** for willful (29th Claim) and negligent (30th Claim) failure to reinvestigate <u>inaccurate</u> information (the above deficiency claim being reported as a credit transaction) and for failure to adopt reasonable procedures (31st Claim).

The failure to adopt reasonable procedures, under the same fact situation as here, was decided adversely to **Experian** April 2012. See ***Holman, supra.***

Thus, on remand, **Experian** is precluded from re-litigating the issue of reasonableness of its procedures. ***Green v. Ancora-Citronelle Corp.****(9th Cir.1978) 577 F.2d 1380, 1383-84 & n. 2.*

On 2010 December 09, **Experian** moved for judgment on the pleadings, MJOP, Doc 398, on its contention the above claims (29, 30, 31) addressed the same **subject matter** (a non-consensual vehicle tow) as a previously decided case and were therefor barred by the doctrine of res judicata (claim preclusion).

**Snyder**, J., granted the motion (Doc 419), entered 2011 Feb 16. Plaintiff moved for reconsideration. Denied. Appeal timely.

## Issues Presented

- *One*, Did Experian overcome the many legal obstacles, addressed below, to successfully asserting claim preclusion?

- *Two*, Did **Experian** meet its burden of proving the claims against it in this case are "*identical*" to claims raised in a case previously decided?

# Discussion

**Experian**'s contention is that because *Waters v. Juan Carlos Casas, 02:09-cv-07696 CAS (AJW),* involved a deficiency claim debt (albeit **not** the same debt) from a 2008 tow (Chevy Camaro car) that occurred four years **after** the **2004** tow (Ford Ranger truck) at issue in this case - the adjudication in the 2009 case precludes any claim in this case.  See MJOP  5:16-19, Doc 398, filed 2010 Dec 09.

Experian also seems to urge in its motion that Plaintiff could have brought the claims raised in the 2007 case at the time if filed the 2009 case.  **Experian**'s motion is not quite clear on this point.  See MJOP (Doc 398) 5:20-23.

1.  **<u>Plaintiff Could Not Have Brought The Claims In This Case In The 2009 Case Because The Statute Of Limitations Had Expired</u>**

Experian argues that *"every claim"* *"in this case was raised, or could have been raised in B. Benedict Waters v. Juan Carlos Casas, et. Al., Case No. 09-cv-07696 ('the 2009 case')."*  MJOP Memo 1:3-4, Doc 398.

This **argument** is incorrect.   Plaintiff became aware in January **2007** that **Experian** was reporting the 2004 deficiency claim that arose for the above non-consensual 2004 towing debt as a credit transaction, <u>Op MJOP</u> (Doc 404)13:1-3, in violation of the FCRA, 15 U.S.C. § 1681e, which limits **Experian** to furnishing **accurate** information.  Reporting a deficiency claim arising from a non-consensual

**Page 73 of  81**

tow as a credit transaction was and is **inaccurate**.   The two-year statute of

limitations on an FCRA violation (15 U.S.C. § 1681p (2003)) expired January **2009**

- two years after Plaintiff discovered the violation January **2007**.

Plaintiff brought **Experian** into this action by adding it as a party via the

TAC.  Motion for leave to file the TAC was made on 2009 July 24, Doc 214.

Granted.  Doc 221, entered 2009 September 15.  The TAC was filed the same day,

2009 September 15.  Doc 226.  Well after January 2009 when the statute ran.

Claims 29, 30, 31 of the TAC adding **Experian** were saved from being time-

barred by the relation-back doctrine. ***Rural Fire Protection Co. v. Hepp*** *(9th*

*Cir.1966) 366 F.2d 355, 362.*

The other side of the coin, *Waters v. Juan Carlos Casas*, 02:09-cv-07696

CAS (AJW), was filed 2009 **November**.  The statute had run on the 2007 **January**

FCRA violation's *discovery*.  Plaintiff could not have pled the Claims 29, 30, 31 in

the **2009** case.

**T**here is nothing in the record establishing any particular discovery date of

the 2009 Claim.  *Res judicata* does not apply to claims based on events occurring

**after** the initial lawsuit. ***Los Angeles Branch NAACP v. Los Angeles Unified***

***Sch. Dist.*** *(9th Cir. 1984) 750 F.2d 731, 739.*

The necessary event would have been the discovery **Experian** had again

reported inaccurately another non-consensual towing debt as a credit transaction.

~~Experian did not present the date of that event. MJOP, Doc 398 *passim*.~~

Plaintiff had no continuing obligation to file amendments to the 2007 complaint to stay abreast of subsequent events. Plaintiff was entitled to simply bring a later suit on those later-arising claims. **Curtis v. Citibank, N.A.***(2d Cir. 2000) 226 F.3d 133, 139.*

## 2.    <u>Significant Factual Differences Negate Claim Preclusion</u>

Slight differences in specific factual contentions are enough to negate a finding of claim preclusion. **Single Chip Systems Corp. v. Intermec IP Corp.** *(S.D. Cal. 2007) 495 F.Supp.2d 1052, 1062.*

*Waters v. Juan Carlos Casas*, <u>02:09-cv-07696 CAS (AJW)</u>, involved a deficiency claim debt (albeit not the same debt) from a tow (Chevy Camaro car) that occurred four years after the tow (Ford Ranger truck) at issue in this case. See <u>M. Simm. J.</u>, Doc 384, 3:9-10 "*Plaintiffs vehicles were towed by Defendant Hollywood Tow on three **separate** occasions in 2004, 2007, and 2008.*" These substantial factual differences, by themselves, negate claim preclusion.

## 3.    <u>In The Ninth Circuit, An Order Denying A Motion To Consolidate Two Cases Into One Effectively Bars Application Of Claim Preclusion</u>

The rule of claim preclusion prevents a cause of action from being split and tried in pieces. *Craig v. County of Los Angeles (1990) 221 Cal.App.3d 1294, 1301.* Claim preclusion prohibits a plaintiff from splitting a cause of action into successive lawsuits. *Harris v. Jacobs (9th Cir. 1980) 621 F.2d 341, 343.*

As discussed in Plaintiff's Rule 59(e) motion (Doc 438) pp. 25-26, **Experian** moved to consolidate this case with *B. Benedict Waters v. Juan Carlos Case,* 02:09-cv-07696-CAS (AJW). See Motion (Doc 294) filed 2010 Mar 02. The motion was denied. See Order (Doc 309) filed 2010 Mar 10. **Experian** does not appeal the Order.

The denial of **Experian**'s motion to consolidate bars, under Ninth Circuit authority, application of claim preclusion. See *Delew v. Wagner (9th Cir. 1998) 143 F.3d 1219, 1223; Ra Medical Systems v. PhotoMedex, Inc. (2010) 373 Fe.d App. 784, 787.*

### 4.    No Supporting Evidence Admitted.  Evidence Offered To District Court By Way Of Request For Judicial Notice.  The Request Was Not Granted.  Ergo, No Evidence Admitted

"*Judicial notice*" is the court's recognition of the existence of a fact without the necessity of formal proof. See *United States v. Harrison (5th Cir. 1981) 651 F.2d 353, 355; Castillo-Villagra v. I.N.S. (9th Cir. 1992) 972 F.2d 1017, 1026.* A request for judicial notice is a substitute for evidence. *York v. American Tel. &*

*Tel. Co.* (9th *Cir. 1996) 95 F.3d 946, 958.*

**Experian,** as evidence supporting its Rule 12(c) motion, requested proffered

evidence be judicially noticed.  The request (Doc 398-1) was **not** granted.

Ergo, there was <u>no</u> evidence.  **Experian** had the burden of clearly establishing

entitlement to judgment, *Hal Roach Studios, Inc. v. Richard Feiner and Co. (9th*

*Cir. 1990) 896 F.2d 1542, 1550*, and <u>without</u> evidence did not.

5.    <u>**Disregarding The Absence Of Supporting Evidence, There Was No**</u>
      <u>**Identity Of Claims As The Claims In The Instant 2007 Case Were Not**</u>
      <u>**Identical To The Claims In The 2009 Case**</u>

Res judicata, also known as claim preclusion, applies only where there is *"(1)*

*an identity of claims, (2) a final judgment on the merits, and (3) privity*

*between parties."*  **Tahoe Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning**

**Agency** *(9th Cir. 2003) 322 F.3d 1064, 1077.*

Four factors are considered in determining an *"identity of claims"*:  (1)

whether rights or interests established in the prior judgment would be destroyed or

impaired by prosecution of the second action; (2) whether substantially the same

evidence is presented in the two actions; (3) whether the two suits involve

infringement of the same right; and (4) whether the two suits arise out of the same

transactional nucleus of facts.  **Constantini v. Trans World Airlines** *(9th Cir.*

*1982) 681 F.2d 1199, 1201-02. "The last of these criteria is the most important."*

<u>Id</u>. at 1202.

"Whether two suits arise out of the same transactional nucleus depends upon whether they are related to the <u>same set</u> of facts and whether they could conveniently be tried together." **Proshipline Inc. v. Aspen Infrastructures Ltd.** (9th Cir. 2010) 609 F.3d 960, 968.

As noted above, amongst other thins, following the order denying consolidation the 2007 and 2009 cases could <u>not</u> be tried together.

The operative facts in an FCRA suit involving a consumer reporting agency are fairly simple. **Experian**, as in this case, is routinely sued for failing to conduct a reasonable reinvestigation after being apprised of inaccurate information.

What triggers that reinvestigation and thus what delimits **Experian**'s responsibility is the principle substance of the dispute communicated to **Experian**, **when** the dispute is communicated to Experian and the final response by **Experian** to the communique.

Here, the substance of the dispute communicated to **Experian** by Plaintiff was simply that **Experian** was inaccurately reporting the deficiency claim balance of the lien sale that resulted from the 2004 involuntary tow and impound of Plaintiff's 1997 Ford truck as a credit transaction. See <u>Waters Decl.</u> (Doc 414) ¶¶ 1 - 3. As the excellent and well-reasoned opinion in **Holman**, *supra*, informs, **Pintos**

is binding on **Experian** and under ***Pintos*** the above inaccuracy was *res judicata*.

In order for this case to be precluded by *B. Benedict Waters v. Juan Carlos*

*Case*, <u>02:09-cv-07696-CAS (AJW)</u> the dispute in the 2009 case must be Plaintiff

disputing to **Experian** in 2007 the inaccuracy of reporting the 2004 tow and

impound of Plaintiff's 1997 Ford truck as a credit transaction.

Yet, the pleadings in the 2009 case do not mention the 2007 dispute with

**Experian**, do not mention Plaintiff's 1997 Ford truck or Hollywood Tow's 2004

tow or impound of that truck. Nothing. See <u>MJOP</u>, Doc 398, *passim*.

## Concluding Summary

Plaintiff could not bring the claims in the 2007 case and 2009 case at the

same time. More importantly, **Experian** did not present facts showing otherwise.

The **<u>denial</u>** of **Experian**'s motion to consolidate the 2007 and 2009 cases

subjugated any contention or application of res judicata effect.

The significant differences between the 2007 and 2009 cases estop claim

preclusion.

No evidence was admitted supporting or establishing claim preclusion.

**Experian** presented no showing of an "*identity of claims*".

Judgment on the pleadings must be reversed. Claims 29, 30 and 31 remanded

for further proceedings.

## Statement Regarding Attorneys Fees

Plaintiff-Appellant is self-represented.

## Statement of Related Cases

No related appeal pending in the Ninth Circuit.

## Statement Concerning Oral Argument

Not requested.

## Certificate of Compliance

Plaintiff-Appellant states that this Opening Brief complies with the type-volume limitation of less than 14,000 words set forth in Rule 32(a)(7)(B), because this brief, exclusive of the items listed Fin Rule 32(a)(7)(B)(iii) contains 13,959 words.

## Certificate of Service

I certify that I am a citizen of the United States and am employed in the State of

Colorado, am over the age of eighteen years, and am not a party to the above-

entitled appeal.  My business address is 6230 Wilshire Blvd., # 182, Los Angeles,

California, 90048-5104 and my telephone number is 310-967-3043.

On June 04, 2012,  I served a copy of the **OPENING BRIEF** to the following by:

Nathaniel P. Garrett
Jones Day
555 California Street, 26th Floor
San Francisco, CA 94104-1500

Rickenbacker Group, Inc.
15005 Concord Circle
Morgan Hill, CA 95037

Liedle, Lounsbery, Larson & Lidl, LLP
12555 High Bluff Drive, Suite 200
San Diego, California 92130

Juan Carlos Casas
15005 Concord Circle
Morgan Hill, CA 95037

Todd T. Leung
Office of City Attorney
200 N. Main St., 9th Flr, City Hall East
Los Angeles, CA 90012-4131

Office of the Clerk
James R. Browning Courthouse
U.S. Court of Appeals
P.O. Box 193939
San Franscisco, CA 94119-3939

I hereby certify under the penalty of perjury that the foregoing is true and correct.

Executed June 04, 2012, at Los Angeles, California.

_____
Signature of Person Making Service

## Statement Regarding Attorneys Fees

Plaintiff-Appellant is self-represented.

## Statement of Related Cases

No related appeal pending in the Ninth Circuit.

## Statement Concerning Oral Argument

Not requested.

## Certificate of Compliance

Plaintiff-Appellant states that this Opening Brief complies with the type-volume limitation of less than 14,000 words set forth in Rule 32(a)(7)(B), because this brief, exclusive of the items listed Fin Rule 32(a)(7)(B)(iii) contains 13,959 words.

Submitted —
2012 June 04

By: _____ //s//B. Benedict Waters _____

B. Benedict Waters
**Plaintiff**, *Pro Se*

## **Certificate of Service**

I, Arlene Johnson, certify that I am a citizen of the United States and am employed in the State of Colorado, am over the age of eighteen years, and am not a party to the above-entitled appeal. My business address is 6230 Wilshire Blvd., # 182, Los Angeles, California, 90048-5104 and my telephone number is 310-967-3043.

On June 04, 2012, I served a copy of the **OPENING BRIEF** to the following by:

Nathaniel P. Garrett
Jones Day
555 California Street, 26th Floor
San Francisco, CA 94104-1500

Rickenbacker Group, Inc.
15005 Concord Circle
Morgan Hill, CA 95037

Liedle, Lounsbery, Larson & Lidl, LLP
12555 High Bluff Drive, Suite 200
San Diego, California 92130

Juan Carlos Casas
15005 Concord Circle
Morgan Hill, CA 95037

Todd T. Leung
Office of City Attorney
200 N. Main St., 9th Flr, City Hall East
Los Angeles, CA 90012-4131

Office of the Clerk
James R. Browning Courthouse
U.S. Court of Appeals
P.O. Box 193939
San Franscisco, CA 94119-3939

I hereby certify under the penalty of perjury that the foregoing is true and correct.

Executed June 04, 2012, at Los Angeles, California.

_____
Signature of Person Making Service