FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUL 31 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| B. BENEDICT WATERS,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>HOLLYWOOD TOW SERVICE, INC.; et al.,<br><br>    Defendants - Appellees. | No. 11-57172<br><br>D.C. No. 2:07-cv-07568-CAS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted July 22, 2014[**]

Before: GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

 B. Benedict Waters appeals pro se from the district court's judgment dismissing his action alleging violations of his First, Fourth, and Fourteenth Amendment rights and violations of the Fair Credit Reporting Act ("FCRA"). We

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and a judgment on the pleadings under Fed. R. Civ. P. 12(c).  *Berg v. Popham*, 412 F.3d 1122, 1125 (9th Cir. 2005).  We affirm.

The district court properly dismissed Waters's First Amendment retaliation claim because Waters failed to allege facts showing that defendants acted with the intent to chill Waters's protected conduct.  *See Skoog v. County of Clackamas*, 469 F.3d 1221, 1231-32 (9th Cir. 2006) (in a First Amendment retaliation claim, plaintiff must demonstrate that defendant's "desire to cause the chilling effect was a but-for cause of the defendant's action").

The district court properly dismissed Waters's Fourth Amendment claims because Waters failed to allege facts showing either that his payment to the City of Los Angeles for a hearing that he was later denied, or that Hollywood Tow's retention of his vehicle and keys, constituted seizures for purposes of the Fourth Amendment, and because Waters failed to allege facts showing that the impoundment of his vehicle was unreasonable.  *See United States v. Karo*, 468 U.S. 705, 712 (1984) ("A seizure of property occurs when there is some meaningful interference with an individual's possessory interests in that property."(citation omitted)); *South Dakota v. Opperman*, 428 U.S. 364, 369

(1976) ( "The authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge.").

The district court properly dismissed Waters's Fourteenth Amendment claims alleging deprivations of his property because Waters had a post-deprivation remedy under California law. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) ("California [l]aw provides an adequate post-deprivation remedy for any property deprivations."). The district court also properly dismissed Waters's Fourteenth Amendment claims against the Office of the City Attorney because Waters failed to allege facts showing that the purported failure to produce the requested photograph deprived him of a constitutionally protected interest. *See Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) (due process claim requires a constitutionally protected liberty or property interest).

The district court properly dismissed under Federal Rule of Civil Procedure 12(c) Waters's FCRA claims because Waters failed to make a prima facie showing of inaccurate credit reporting. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890-91 (9th Cir. 2010) (explaining that an FCRA claim requires a showing of patently inaccurate or materially misleading credit reporting).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

All pending motions are denied.

**AFFIRMED.**